## F. M. MARSHALL v. J. S. HEARD ET AL.

### SUPREME COURT, AUSTIN TERM, 1883.

*Defective Premises—Injury to Person.*—Parties who are guests of a tenant must seek redress from the tenant, and not the landlord, for injuries caused by defects in the premises.

This suit was brought by Marshall to recover for a personal injury inflicted on plaintiff, as he alleges, by the negligence of defendants in not having and keeping in repair a certain platform or wooden passage way of a certain building, the second story of which was rented at the time of the injury by defendants to different parties as offices and bed rooms, plaintiff alleging that he was at the time of the injury lawfully on said passage, etc. On demurrer, the cause was dismissed and plaintiff appeals, assigning as error the action of the court in sustaining defendants demurrer.

Appeal from Collin county.   Opinion by Watts, J.

It appears from the allegations of appellants petition and amendments that he was not on the passage way at the invitation, either expressed or implied, of the appellees or either of them.   But that he was there of his own accord to see a tenant, occupying one of the rooms in the second story of the store house of the Heards.   These rooms upon the second floor were rented to different persons as bed rooms and offices, while the Heards occupied the first story as a store for the sale of merchandise.   Nor does it appear from the allegations of the petition and amendments, that the defects in the passage way existed at the time the rooms in the second story of the houses were leased.

There is no allegation to the effect that the appellees had contracted with their tenants occupying the rooms in the second story of the building, to keep this passage way or the leased premises in repair.

At common law the occupant, and not the owner, is bound as to the public, to keep the premises in such repair that they may be safely visited by the public; and the occupant is *prima facia* liable to third persons for damages accruing to them from defects in the leased premises. (Thompson on Negligence, vol. 1, page 317 and note 5.)

And it is well settled that to give the party injured a right of action for damages arising from defects in rented premises against the owner, he must show that such defects existed at the time the premises were leased.   (Staple v. Spring, 10th Mass., 72 ; Durant v. Palmer, 29th N. J. (Law), 544 ; Irvine v. Wood, 51st N. Y., 228.

It is said in Shearman & Redfield on Negligence, section 503, page 578.   "The liability of the landlord, however, exists only in favor of persons who stand strictly upon their rights as strangers.   Those who claim upon the ground that they were invited into a dangerous place must seek their remedy against the person who invited them.   If they are the guests of the tenants he, and not the landlord, is the person from whom they must seek redress for injuries caused by defects in the premises."

We conclude that the court did not err in sustaining the demurrer to appellant's petition and in dismissing the cause.