[No. 12324. Department One. —October 5, 1889.]

## D. C. WILLSON, RESPONDENT, v. MABEL TREADWELL, APPELLANT.

LANDLORD AND TENANT — DEFECTIVE STAIRWAY — LIABILITY OF LANDLORD — OBLIGATION TO REPAIR. — A landlord of business property is not liable to an employee of the tenant for personal injuries resulting from a defective stairway on the premises used in connection with the business of the tenant, when the lease contains no covenant obligating the landlord to make necessary repairs.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Fisher Ames,* and *Jarboe, Harrison & Goodfellow,* for Appellant.

*John H. Dickinson,* for Respondent.

WORKS, J.—This is an action by an employee of a tenant of business property, against the landlord, for

damages for personal injuries resulting from a defective stairway on the premises, used in conducting the business of the tenant. The controlling question in the case is, whether or not the landlord was legally bound to make necessary repairs. There was no covenant in the lease to that effect. This question was ruled against the defendant in the court below, and verdict and judgment went against her. At common law the landlord was not bound to make repairs, and the tenant alone was liable to third parties for injuries resulting from negligence in this respect. (1 Thompson on Negligence, 317, 323; *City of Lowell* v. *Spaulding*, 4 Cush. 277; 50 Am. Dec. 775; 2 Shearman and Redfield on Negligence, 4th ed., sec. 708; *Clancy* v. *Byrne*, 56 N. Y. 133; 15 Am. Rep. 391; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 483; 7 Am. Rep. 469; *Nelson* v. *Liverpool Brewing Co.*, L. R. 2 C. P. 311; *Marshall* v. *Heard*, 59 Tex. 266.)

And the rule that the landlord was not liable to strangers for a failure to repair applied with equal force to the tenant and his employees. (1 Thompson on Negligence, 323; *O'Brien* v. *Capwell*, 19 Barb. 497.)

The respondent contends that this rule has been changed by section 1941 of our Civil Code, and that the landlord is thereby bound to repair, precisely as if he had covenanted to do so in the lease. But this court has held directly to the contrary in the case of *Van Every* v. *Ogg*, 59 Cal. 563, in which it is said:—

"It is insisted that the section last cited, by operation of law, inserts in every lease a covenant on the part of the landlord to repair. But bearing in mind that at the common law no such covenant was implied, and reading the two sections together, the intent seems clear that the obligation of the landlord should be limited by the extent of the privilege conferred upon the tenant; that it is the duty of the landlord to repair upon notice, and if he does not perform this duty, he is to be compelled to pay, by deduction from the rent, to the extent of a

month's rental, or, at the option of the tenant, the term be concluded without redress to the landlord."

It follows that the complaint did not state a cause of action, and that none was shown by the evidence.

Judgment and order reversed.

Fox, J., and PATERSON, J., concurred.