[No. 13308.   Department One. — December 30, 1891.]

FRED. H. GREEN, APPELLANT, *v.* JOSEPH D. REDDING, RESPONDENT.

LANDLORD AND TENANT — LEASE — UNTENANTABLE CONDITION OF PREMISES — ABANDONMENT — LIABILITY FOR RENT. — Under a lease of a dwelling-house which contains no express warranty as to the tenantable condition of the premises, nor any terms rendering the landlord responsible for their condition, and which was entered into by both parties in good faith, the tenant cannot abandon the premises and rescind the contract of lease, and escape liability for rent due, on the ground that the premises were unfit for occupation, if the landlord was willing to put the premises in such condition, upon short notice, as they might require, so as to render them safe and habitable, and the tenant had given him no notice that they must be put in that condition.

ID. — CONSTRUCTION OF CODE — REPAIRS — NOTICE — OPTION OF TENANT. — Section 1941 of the Civil Code does not by operation of law insert in a lease of a residence a covenant on the part of the landlord to repair, but such section, when read in connection with section 1942 of the same code, merely makes it the duty of the landlord to repair upon notice, and, upon his failure so to do, allows the tenant, upon notice to the landlord, the option to repair to the extent of one month's rent, or to vacate the premises discharged from the performance of the conditions of the lease.

ID. — OPPORTUNITY TO INSPECT PREMISES — ABANDONMENT BY TENANT. — A tenant who before entering into the lease had it in his power to visit and inspect the premises cannot escape the effect of his contract by abandoning the premises as unfit for occupation without notice to the landlord to repair them, where the contract was uninfluenced by any act of deception or fraud on the part of the landlord.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Horace W. Philbrook,* and *Arthur Rodgers,* for Appellant.

*W. H. L. Barnes,* for Respondent.

FOOTE, C. — This action is for the recovery of four hundred dollars for rent claimed to be due by virtue of a written lease of a "residence and premises, including the furniture therein, on the corner of Octavia and Pine streets, in the city of San Francisco, and known as No. 1716 Octavia Street, with the appurtenances, for the term of six months." The lease is an exhibit to, and made a part of, the complaint.

The answer admits the due execution of the lease, but denies that any rent is due under it, and sets up as a defense that at the time of the execution and delivery of that instrument, the leased premises were in an untenantable condition, and unfit for the occupation of the defendant and his family; that they were filthy from want of care upon the part of the landlord, and unsafe, for that reason, for the occupation of the defendant and his family; that as soon as he ascertained their condition he vacated and delivered up the premises, and has not occupied them at any time during the period covered by the lease.

It is not alleged therein that the landlord was guilty of the least bad faith or deception toward the defendant, or that the latter entered into the contract in any other way than of his own free will and accord, and with full opportunity to demand and make inspection of the premises, and satisfy himself of their condition before entering into the contract.

The proposition advanced by him seems to be, that it is the duty of the landlord, in all cases where he rents

such premises as here involved, to see to it, at the peril of a rescission of a contract of lease, that the premises shall be clean and safe to live in, notwithstanding the tenant may not have insisted, as a careful man would, as a condition precedent to entering into the lease, that he should inspect the premises and be satisfied with their condition, and although the lease does not contain a warranty or anything whatever putting any responsibility for the condition of the premises upon the landlord; in other words, that there is an implied warranty in such a letting that the premises shall be fit for the purpose for which they are leased.

The findings of the court were responsive to the issues raised by the pleadings, and found that the matter set up in defense was true. Upon them a judgment was given and made in favor of the defendant, from which this appeal is taken.

The question for determination is, whether, under such a contract, entered into by both parties in good faith, the tenant can rescind the contract after abandoning the premises, and be free of all responsibility for rent, when the landlord, as in this case, was willing to put the premises in such condition, upon short notice, as they might require, so as to render them safe and habitable, and where the tenant had given him no notice even that they must be put in that condition.

The evidence as to the condition of the house is conflicting, so that the whole matter depends for its solution upon whether the facts set out in the findings are sufficient in law to uphold the judgment.

In *Van Every* v. *Ogg*, 59 Cal. 565, it was said: " The tenant takes the premises for better or for worse, and cannot involve the landlord in expense for repairs without his consent "; quoting *Mumford* v. *Brown*, 6 Cow. 475.

The Civil Code (sec. 1942), however, gives the option to the tenant, after notice to the landlord, to make repairs not requiring an expenditure of more than a month's rent, — the same to be deducted from the rent, — or to vacate

the premises discharged from performance of the conditions of the lease.

The preceding section of the same code (sec. 1941) provides that the lessor of a building for the occupation of human beings must, in the absence of an agreement to the contrary, put it in a condition fit for such occupation, and repair all subsequent dilapidations thereof which render it untenantable, except such as are mentioned in section 1929, being deteriorations occasioned by the hirer's "ordinary negligence."

It is insisted that the section last cited, by operation of law, inserts in every lease a covenant on the part of the landlord to repair. But bearing in mind that at the common law no such covenant was implied, and reading the two sections together, the intent seems clear that the obligation of the landlord should be limited by the extent of the privilege conferred upon the tenant; that is, it is the duty of the landlord to repair upon notice, and if he does not perform this duty, he is to be compelled to pay by deducting from the rent to the extent of a month's rental, or, at the option of the tenant, the term be concluded without redress to the landlord.

In the present instance no notice was given, as we have seen, to the landlord, nor was he allowed to repair to the fullest extent, as he offered, but the tenant threw up the lease, abandoned the premises, and refused to abide by his contract entered into by both parties in good faith. We do not think that he can, under the law, be permitted thus to escape the effect of his contract, uninfluenced by any act of the landlord of deception or fraud, when as a proposed tenant he had it in his power, before entering into the contract, to visit and inspect the premises if he chose to do so, and if inspection could not be had, from any cause whatever, could have refused to enter into the contract. To say otherwise is to declare that an individual desiring to rent premises may see the outside thereof, never insist on looking minutely inside, and when he is satisfied, after taking possession, that they are not safe, can, notwithstanding the contract

of the lease he has made, which does not contain any warranty of the landlord, and which is entered into honestly and fairly upon both sides, rescind the contract, without notice to the landlord to put the premises in proper condition, and even going further, and refusing him any opportunity to do so.

This would be placing the burden of looking out for the health of one's family on the landlord, and leaving the husband and father without any responsibility therefor in renting a house for them to live in.

An inspection of the decision just quoted, and sections 1932, 1941, and 1942 of the Civil Code, are, it seems to us, conclusive of the matter. The findings do not support the judgment, and we are therefore of opinion that it should be reversed, and we so advise.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order refusing a new trial are reversed.