## ANGEVINE v. KNOX–GOODRICH.

### No. 14,803; November 29, 1892.

#### 31 Pac. 529.

**Landlord's Liability for Tenant's Health.**—Civil Code, section 1941, requiring the lessor to put buildings intended for human occupation in a condition fit for occupancy, does not create such an implied warranty that a tenement is fit for human occupation as to render the lessor liable to the tenant for injury to his health resulting from a defective sewer, where the lessor had no notice of the defect.[1]

---

[1] Cited and followed in Charlie's Transfer Co. v. Malone, 159 Ala. 336, 48 South. 709. "To put the lessor in default in this respect, pretermitting all other considerations," the court said there, "it is necessary to aver knowledge or notice on her part of such defect."

Cited in the note in 92 Am. St. Rep. 510, 547, on the liability to third persons of lessors of real or personal property.

APPEAL from Superior Court, Santa Clara County.

Action by M. B. Angevine against S. L. Knox-Goodrich. Plaintiff had judgment, and from an order granting a new trial he appeals. Affirmed.

Jackson Hatch and B. F. Bergen for appellant; A. S. Kittredge and Morehouse & Tuttle for respondent.

FOOTE, C.—The plaintiff demanded damages from the defendant for injury to his health, caused by the neglect of the defendant to construct a house with safe and proper sewage pipes and conduits, which house was occupied by the plaintiff as an employee of the lessees of the defendant. Following the verdict of the jury, judgment for $8,500 was rendered in favor of the plaintiff. A motion was made for a new trial upon various grounds, and it was granted, without any specification as to the ground moving the court thereto, The respondent contends that the trial court erred in its rulings upon the demurrer to the complaint, in the admission of evidence, and in the charge to the jury; and in this connection it is urged that the trial court in all these matters took an erroneous view of the force and effect of section 1941 of the Civil Code, in that it was ruled by that tribunal that under such section there was virtually written into every lease of the kind here involved, by operation of the statute, even though not expressed in the lease or a covenant, that the premises leased are habitable, and fit for occupation by human beings, if intended for habitation; and that, as a consequence, if such building or structure is not in such condition, the covenant is broken, and an action for damages such as here instituted will lie. Such evidently was the view taken and expressed by the court in all these matters, and such view is not in harmony with the decisions of the supreme court. It is raised in Sieber v. Blanc, 76 Cal. 173, 18 Pac. 260: ''Nor was there any liability arising from section 1941 of the Civil Code, which provides that the lessor of a building intended for the occupation of human beings must put it in a condition for such occupation. In the first place, it is not alleged or found that the building was intended for the occupation of human beings; and, in the second place, it was held in Van Every v.

Ogg, 59 Cal. 566, as we understand the decision, that the obligation imposed upon the landlord by section 1941 'should be limited by the extent of the privilege conferred upon the tenant' by section 1941; and that, therefore, the only consequence of a breach of the landlord's obligation is that the tenant may either vacate the premises, or expend one month's rent toward the repairs, after notice," etc.   There is no fraud or deceit on the part of the landlord charged in the complaint, or proved in the case, as we read the transcript.   It is a case where the plumbing of the house as constructed was defective, and the illness of the plaintiff was caused by noxious gases that escaped from sewage pipes by reason of this defective plumbing.   It is not alleged or proven that the defendant knew anything more about this defect when the lease was made than the plaintiff or his employer, the lessee.   But it is sought to make the defendant responsible under the idea that by the Civil Code (section 1941) there is an implied warranty in every lease of a house for the occupancy of human beings that the same is in a habitable condition when leased.   This view of the case is not only opposed by the cases we have first cited, but it is in direct conflict with the decision of the appellate court in the case of Green v. Redding, 92 Cal. 548, 28 Pac. 599, where this was said about a somewhat similar contention: "This would be placing the burden of looking out for the health of one's family on the landlord, and leaving the husband and father without any responsibility, therefore, in renting a house for them to live in." If this is the extent of the defendant's responsibility to the tenant, it must be the same with reference to an employee of the tenant, as was the plaintiff here: Willson v. Treadwell, 81 Cal. 59, 22 Pac. 304; Taylor on Landlord and Tenant, 8th ed., p. 198, sec. 175.   We therefore conclude that the action of the court below was erroneous as to all the matters alluded to as occurring on the trial of the cause, and for these reasons its action in granting a new trial was founded in justice, and was the exercise of a sound judicial discretion.   We therefore advise that the order granting a new trial be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order granting a new trial is affirmed.