[Civ. No. 1091. First Appellate District.—November 8, 1912.]

## WALL ESTATE COMPANY (a Corporation), Respondent, v. THE STANDARD BOX COMPANY (a Corporation), Appellant.

UNLAWFUL DETAINER—LEASE OF BUSINESS PROPERTY—REPAIRS ORDERED BY BOARD OF HEALTH MADE BY LESSEE—ABSENCE OF DUTY OF LESSOR—CONSTRUCTION OF CODE.—In an action of unlawful detainer for rent unpaid under a lease of business property, in a building used as a box factory, in which a large number of persons are daily employed, the defendant cannot offset repairs made by him, which were ordered by the board of health, to be made which he had first requested the lessor to repair, since the building leased is not one "intended for the occupation of human beings" in a "dwelling house" within the meaning of section 1941 of the Civil Code; nor, in the absence of an agreement in the lease to the contrary, could the lessor be in duty bound to make such repairs upon request, under section 1942 of the same code.

ID.—COMMON LAW RULE AS TO REPAIRS—APPLICABILITY IN THIS STATE. At common law it is the well settled rule, that, in the absence of any agreement between the parties, the landlord is generally under no obligation to keep the demised premises in repair; and the common law rule in this respect is in force in this state, except as modified by sections 1941 and 1942 of the Civil Code.

ID.—HEADLINE OF SECTION 1941 OF CIVIL CODE—HEADNOTES—CONSTRUCTION—DUTY OF LESSOR AS TO DWELLING HOUSE.—The intention and purpose of the legislature in enacting section 1941 of the Civil Code, as originally adopted in the year 1872, is revealed by the headline, which reads "Lessor to make dwelling house fit for its purpose." Headnotes which precede each article are numbered to correspond to the section following, and purport to give in brief the subject of each of the sections. They are parts of the statute limiting and defining the sections to which they refer.

ID.—LIMITED DUTY OF LANDLORD TO REPAIR BUILDING—"SUBSEQUENT DILAPIDATIONS"—LIMITED RIGHT OF DEFENDANT TO DEDUCT RENT. Under sections 1941 and 1942 of the Civil Code, the only duty of the landlord, after putting a building into a fit condition for the occupation of human beings, is to "repair all subsequent dilapidations," and the right given to the tenant under section 1942, that, "If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, where the cost of such repairs does not require an expenditure greater than one month's rent of the premises, and deduct the expenses of such repairs from the rent," does not authorize the tenant to put in new work or new conveniences, which did not theretofore exist, and claim credit therefor.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, and A. W. Brouillet, for Appellant.

A. L. Weil, for Respondent.

KERRIGAN, J.—This action was in unlawful detainer, and for the recovery of the sum of five hundred dollars, alleged to be due for rent under a lease had by defendant.

The premises involved were business property used as a box factory, in which a large number of persons were employed. The property is situate in San Francisco, and the board of health of that city ordered the plaintiff and defendant to make certain changes in the building. This order directed the installation of toilets, the removal of wooden box hoppers, and their replacement by more modern contrivances, flushed closets, and other work necessary, in the opinion of said board, to put the premises in a sanitary condition.

Defendant gave notice to the plaintiff to make these improvements, which plaintiff declined to do; whereupon the defendant complied with the order of said board, expending in so doing the sum of three hundred and fifty-five dollars.

The defendant, answering the allegations of the complaint, consented to confess judgment for the sum of one hundred and forty-five dollars, which, with the three hundred and

fifty-five dollars expended by defendant, constituted the amount of plaintiff's demand.

Plaintiff recovered judgment in the sum of five hundred dollars, less the one hundred and forty-five dollars paid to it by defendant since the commencement of the action, with interest and costs of suit. The appeal is from an order denying defendant's motion for a new trial.

The lease contained the usual covenants, but there was no provision therein as to who should make repairs. Section 1941 of the Civil Code provides that the lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation; and repair all subsequent dilapidations which render it untenantable. Section 1942 of the same code authorizes the tenant, after reasonable notice to the lessor, to make the necessary repairs where the cost does not require an expenditure of more than one month's rent.

Two questions are presented and urged for decision: First, In imposing the duty on the landlord to repair, is section 1941 confined to dwelling houses and similar structures, or does it cover all classes of buildings where human beings assemble, such as, as in the present case, a box factory where a large number of persons are daily employed? And if this is so, second, does section 1942, permitting the tenant to repair where the landlord has refused, refer to new work, such as here, the installation of sanitary necessities, which did not theretofore exist in the building, under the compulsion of the board of health?

At common law it is the well settled rule that, in the absence of any agreement between the parties, the landlord is generally under no obligation to keep the demised premises in repair. (18 Am. & Eng. Ency. of Law, p. 215.)

The common law rule in this respect is in force in this state, except as modified by the sections above referred to.

In the case of *Willson* v. *Treadwell*, 81 Cal. 58, [22 Pac. 304], it is held that the landlord of business property is not bound to make repairs where the lease contains no covenant obligating him to do so. That was an action by an employee of a tenant of business property against the landlord for damages for personal injuries caused by a defective stairway; and the controlling question was whether or not the landlord

was legally bound to make necessary repairs. The court held that, in the absence of a covenant in the lease requiring him to do so, no such obligation rested upon him.

Upon this subject several of the states have statutes more or less similar to ours which have received judicial construction.

The case of *Tucker* v. *Bennett,* 15 Okla. 187, [81 Pac. 423], is like the case at bar. There it was decided that where the landlord rented the second story, in a store block, which was intended to be used by the lessee for printing and publishing a newspaper therein, in the absence of an agreement in the lease requiring it he was not bound to put the building in a condition fit for occupation, and to repair all subsequent dilapidations thereof, as the property leased was not a building intended "for occupation of human beings" within the meaning of the statute. In that case the court cites *Willson* v. *Treadwell,* with approval.

So, also, in *Edmison* v. *Aslesen,* 4 Dak. 145, [27 N. W. 82], the rule is announced that a landlord, who rents the cellar and first story in a store block, is not bound to keep the same in repair in the absence of an agreement, as the property leased is not a building intended for the "occupation of human beings" within the meaning of the Civil Code. (See, also, 24 Cyc. 1083.)

The same doctrine is announced in *Landt* v. *Schneider,* 31 Mont. 15, [77 Pac. 307].

The view we have taken appears to be in accord with the intention and purpose of the legislature, as revealed by the headline of section 1941 of the Civil Code as originally adopted in the year 1872, Civ. Code 1872, p. 341 (592), which reads, "Lessors to make dwelling house fit for its purpose." Headnotes which precede each article "are numbered to correspond to the sections following, and purport to give in brief the subject of each of the sections. These headnotes are entitled to more consideration than the 'title' to an entire act. They are parts of the statute limiting and defining the sections to which they refer. To refuse to give them effect according to their import would be to make the law, not to administer it" (citing cases). (*Sharon* v. *Sharon,* 75 Cal. 1, 16, [16 Pac. 345, 352].)

It must be held therefore that the building leased in this case is not one intended for the occupation of human beings as contemplated by the provision of the Civil Code cited.

Furthermore, under sections 1941 and 1942 of the Civil Code, the only duty of the landlord, after putting the building into fit condition for the occupation of human beings, is to "repair all subsequent dilapidations"; and the right given to the tenant under section 1942 is in the following terms: "If within a reasonable time after notice to the lessor, of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, where the cost of such repairs does not require an expenditure greater than one month's rent of the premises, and deduct the expenses of such repairs from the rent . . ." This does not authorize the tenant to put in new work or new conveniences which did not theretofore exist. Much, if not the greater part, of the work for which the defendant claims credit in the case at bar was new in character, and was not for the repair of dilapidations. No effort was made at the trial by the defendant to show how much of the expense incurred by it in complying with the order of the board of health was for new work and new conveniences, nor how much was for repair of dilapidations. Even if we conceded for the purposes of this case that the two sections relied upon by a defendant apply to a building used for manufacturing and business purposes exclusively, we think it quite clear that the sections do not require the landlord after the beginning of the tenancy to install new conveniences, but only require him to repair "subsequent dilapidations" of the building which render it untenantable.

The order denying the motion for a new trial is accordingly affirmed.

Hall, J., and Lennon, P. J., concurred.