[Civ. No. 3140.   Second Appellate District, Division One.—December 13, 1919.]

## JAMES F. FARRAHER, Petitioner, v. SUPERIOR COURT OF KERN COUNTY et al., Respondents.

[1] CRIMINAL LAW—DISTURBANCE OF PUBLIC MEETING—CONSTRUCTION OF SECTION 403, PENAL CODE—RELEVANCY OF HEAD-NOTES.—The title or head-note of section 403 of the Penal Code, "Disturbance of Public Meetings, Other Than Religious or Political," must be deemed a part of the substance of the enactment and accorded the same effect as though written into the body of the law; hence, the section must be construed as not applicable to one who disturbs an assembly or meeting, unless it further appears that such meeting or assembly was of a public character.

[2] ID.—SUFFICIENCY OF COMPLAINT.—A complaint charging the defendant with having willfully and unlawfully disturbed a certain assembly and meeting does not state facts constituting an offense, unless it appears from the complaint or from a provision of the law defining the character of such a meeting that it was of a public character.

[3] ID.—INSUFFICIENT COMPLAINT — PROHIBITION — APPEAL.—Notwithstanding the insufficiency of such complaint, prohibition will not lie against the justice's court proceeding with the trial of the defendant thereon. If convicted, he would have a plain, speedy, and adequate remedy by appeal to the superior court.

[4] ID.—APPEAL TO SUPERIOR COURT—DENIAL OF MOTION TO DISMISS—PROHIBITION.—Where, after conviction in the justice's court, the defendant avails himself of the remedy by appeal to the superior court, and, on perfecting the same, makes a motion to dismiss the action for want of a sufficient complaint, but the superior court denies such motion and threatens to and will, unless restrained by

---

4. Prohibition in exercise of superintending control over inferior courts, note, 51 L. R. A. 33.

an order of a higher court, proceed with the trial for the purpose of determining whether or not the judgment of the justice's court should be modified, prohibition will lie to prevent such superior court from taking any action in the case other than to make an order dismissing the same.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Kern County, and George H. Cabaniss, Judge Presiding, from proceeding to trial on an insufficient complaint, on an appeal from a judgment of conviction by a Justice's Court. Writ granted.

The facts are stated in the opinion of the court.

Edson C. Abel for Petitioner.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, J. R. Dorsey, District Attorney, and R. B. Lambert, Deputy District Attorney, for Respondents.

SHAW, J.—Prohibition to restrain respondent, after a ruling denying petitioner's motion to dismiss the case, from proceeding with the threatened trial of petitioner on an appeal by him to the superior court from a judgment of conviction by the justice's court based upon a complaint which purported to charge him with the violation of section 403 of the Penal Code. The contention of petitioner is that the complaint fails to charge him with the commission of any acts constituting a criminal offense under said section, or under any other provision of the law.

[1] The section in question was originally adopted by the legislature in 1872. The head line or title of the section is, *"Disturbance of Public Meetings, Other Than Religious or Political,"* and the body thereof provides: "Every person who, without authority of law, willfully disturbs or breaks up any assembly or meeting, not unlawful in its character, other than such as is mentioned in sections fifty-nine and three hundred and two, is guilty of a misdemeanor." Petitioner properly insists that the title or head-note of the section must be deemed a part of the substance of the enactment and accorded the same effect as though written into the body of the law. (*Bettencourt* v. *Sheehy,* 157 Cal. 698, [109 Pac. 89]; *Alden* v. *Mayfield,* 33 Cal. App. 724, [166 Pac. 382]; *Sharon* v. *Sharon,* 75 Cal. 1, [16 Pac. 345]; *Wall*

*Estate Co.* v. *Standard Box Co.,* 20 Cal. App. 311, [128 Pac. 1020].) Hence the section of the code must be construed as not applicable to one who disturbs an assembly or meeting, unless it further appears that such meeting or assembly was of a public character. The question, therefore, is whether or not the complaint charges defendant with such an offense.

[2] The complaint charges "that said James F. Farraher, . . . did, without authority of law, willfully and unlawfully disturb a certain assembly and meeting, to wit: the Irrigation Committee of the Farm Bureau of the County of Kern, . . . and which said meeting was not unlawful in its character, and was an assembly and meeting other than such as is mentioned in sections 58, 59, and 302 of the Penal Code." Our attention is directed to no provision of law defining the character of such committee meetings, and there is absolutely nothing in the complaint indicating in the remotest degree that the meeting held was a public one. Indeed, we understand the contrary is conceded. Hence, since the subject of the inhibition is the disturbance of a *public meeting* only, the complaint states no facts constituting an offense.

[3] Notwithstanding the insufficiency of the complaint, prohibition would not lie against the justice court proceeding with the trial of the defendant thereon, for the reason that, if convicted, he would have a plain, speedy, and adequate remedy by appeal to the superior court. (Code Civ. Proc., sec. 1103; *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]; *Keith* v. *Recorder's Court,* 9 Cal. App. 380, [99 Pac. 416].) [4] Conceding he might have gone to jail and sought release from custody by a writ of *habeas corpus,* nevertheless, as was his right, he availed himself of the remedy by appeal and, on perfecting the same, made his motion to dismiss the action for want of a sufficient complaint. Since, as we have seen, no facts constituting a criminal offense were stated therein, there was nothing upon which to try the defendant, and hence the court should have granted the motion; instead of which, however, it made an order denying it, and, as shown, threatens to and will, unless restrained by an order of this court, proceed with the trial for the purpose only of determining whether or not the judgment should be modified. It, therefore, appears that the judgment which the court proposes to render would be a

futile act. No appeal would lie therefrom, and conceding that petitioner might upon such conviction in the superior court avail himself of an application for a writ of review to have the judgment annulled, or seek release from custody by *habeas corpus,* nevertheless no purpose could be served in subjecting petitioner to a trial, the result of which, concededly, would be a nullity. Clearly, upon the facts presented, the court should be prohibited from taking any action in the case other than to make an order dismissing the same. (*Hogan* v. *Superior Court,* 16 Cal. App. 783, [117 Pac. 947].)

The demurrer interposed to the petition is overruled, and the respondent commanded to desist and refrain from further proceeding with the trial of that certain case pending in the superior court of Kern County, numbered Crim. 1841, wherein the people of the state is plaintiff and petitioner is defendant, or from taking any action therein other than to make an order granting defendant's motion for the dismissal of the same.

Conrey, P. J., and James, J., concurred.