### JACKSON et al. v. AMADOR.
No. 1316.

Court of Civil Appeals of Texas. Eastland.
Sept. 28, 1934.

Rehearing Denied Nov. 2, 1934.

Carrigan, Hoffman & Carrigan and Bonner, King & Dawson, all of Wichita Falls, for appellants.

J. Earle Kuntz, of Wichita Falls, and James W. Harvey, of Archer City, for appellee.

HICKMAN, Chief Justice.

Appellee, Mike Amador, instituted this suit against J. L. Jackson, Charles Umsted, and William Levine for damages for personal injuries. Umsted operated a general merchandise store in a building leased from Jackson. While walking down the aisle of said store, and as a customer thereof, appellee stuck several large splinters in his foot, which resulted in his sustaining substantial injuries. William Levine was joined as a party defendant under allegations that he was one of the owners of the business. It was developed upon the trial that he owned no interest therein, and the court peremptorily instructed a verdict in his favor. No exception is presented to that ruling.

The case, as between appellee and the other defendants, was submitted to the jury on special issues, and, upon the verdict, judgment was rendered for appellee against both of them, jointly and severally, for the sum of $620.83, from which judgment each has appealed.

We shall first consider the appeal of the landlord, Jackson. The tenant, Umsted, in his answer, pleaded over against Jackson alleging that he covenanted as a part of the consideration for the lease contract that he would repair the floor, and prayed that, should he, Umsted, be held liable in the action of appellee, he have judgment over against his codefendant Jackson to the full extent of such liability. Jackson denied having made this covenant, and the evidence raised an issue of fact with reference thereto. This issue was submitted to the jury and was resolved by it in favor of Jackson. He then made a motion for judgment in his favor, which motion was by the court overruled and judgment entered against him and his tenant, jointly and severally, for the amount of damages found by the jury to have been sustained by appellee.

Conflicts exist in the authorities as to whether members of a tenant's family, his employees, and invitees can maintain an action ex delicto against a landlord for his breach of covenant with his tenant to make repairs. It would appear that our state is committed to what is sometimes termed the minority rule, allowing recovery in actions of that nature. See Ross v. Haner (Tex. Com. App.) 258 S. W. 1036; Pollack v. Perry (Tex. Civ. App.) 217 S. W. 967. But, that question is not before us for decision, for the jury found that no covenant to repair was made by the landlord. Our question is this: Does the mere relationship of landlord and tenant create a duty on the part of the landlord to repair the leased premises? It is a rule of general acceptation that no such duty is created by that relationship. The tenant takes the premises as he finds them, and there is no implied covenant on the part of the landlord that the premises are tenantable, or reasonably suitable for occupation. An invitee of a tenant enters the premises under the tenant's title, and has no greater right against the landlord than the tenant himself would have. The duty to repair and keep in repair, in the absence of a covenant to the contrary, rests upon him who has rightful possession. Marshall v. Heard, 59 Tex. 266; Perez v. Rabaud, 76 Tex. 191, 13 S. W. 177, 7 L. R. A. 620; Texas P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Miller & Bro. v. Nigro (Tex. Civ. App.) 230 S. W. 511; Ross v. Haner (Tex. Com. App.) 258 S. W. 1036; Archibald v. Fidelity Title & Trust Co. (Tex. Civ. App.) 296 S. W. 680; 36 C. J., p. 204, § 874 et seq.; 27 Tex. Jur., p. 346, § 205.

It is contended by appellee that the judgment against the landlord should be upheld on the theory that the dangerous condition of the floor amounted to a nuisance existing on the premises at the time of the letting. We cannot uphold this contention for two reasons. (1) This condition did not constitute a nuisance within the meaning of that term as used in those cases recognizing an exception to the general rule of the landlord's liability. (2) No such theory was pleaded or submitted in the court below. The landlord's duty was assumed in the pleadings and the court's charge, and the issue submitted was whether he exercised ordinary care to see that the floor was in a reasonably safe condition. Under our view, the trial court erred in overruling the landlord's (Jackson's) motion for judgment upon the verdict. That portion of the judgment should therefore be reversed and rendered in said appellant's favor.

The appellant Umsted presents eight assignments of error, which will be considered in their order.

■ The first complains of the refusal of the trial court to define the term "burden of proof" as used in the charge. The court did not err in this particular, and the assignment is overruled. Stine Oil & Gas Co. v. English (Tex. Civ. App.) 185 S. W. 1009; Karotkin Furniture Co. v. Decker (Tex. Com. App.) 50 S.W.(2d) 795.

■ The question presented in the second assignment arose in this manner: The court in his charge gave the jury the usual instructions to guide them in estimating the amount of damages. By these instructions one of the elements to be considered was appellee's medical expenses, if any. To this charge appellant objected because "the jury is permitted to take into account in awarding the plaintiff damages, items of damage which are not supported either by the pleadings or by the proof." The question sought to be presented by the assignment is that the item of medical expenses was defectively pleaded and insufficiently established by the proof. The objection made to the charge was too general to present this question. The court received no enlightenment by an objection which merely stated that the jury was permitted to take into account "items of damage" which were not supported. It is not contended that there was but one item unsupported. Objection should have been lodged against the inclusion of that particular item. On last submission day we overruled a motion for rehearing in the case of Panhandle & S. F. Ry. Co. v. Brown (Tex. Civ. App.) 74 S.W.(2d) 531, in which similar general objections were held to be insufficient. The statute (article 2185, R. S. 1925) requiring that objections shall be presented to the court before the charge is read to the jury is a wholesome one, and complaining parties should be held to a rather strict compliance with its provisions. It is not conceivable to our minds that the trial judge in the instant case received any intimation from the objection lodged to his charge that the particular defect herein complained of was thought to exist therein. This assignment is overruled.

■■ Assignments 3 and 4 complain of the action of the trial court in submitting special issue No. 2 over appellant's objection thereto. The issue was as follows: "Do you find from the evidence that the defendant Umsted exercised ordinary care to see that the floor of the store was in a reasonably safe condition for the use of the customers of the same?" One objection was that the issue was duplicitous in that it submitted two disputed issues of fact, viz., (1) whether or not Umsted

was guilty of failing to use ordinary care, and (2) whether or not the floor was in a reasonably safe condition. It was further objected that the issue was on the weight of the evidence. We are at a loss to understand what is meant by this last objection. In briefing same the assignment construes it as presenting an objection that the issue was leading and suggestive as to the answer that should be given it. If it be considered that the objection was sufficient to present that question, it would nevertheless be without merit. The issue does not suggest what answer should be given thereto. On the question of the duplicity of the issue, it is our view that there were certainly not two disputed issues of fact submitted therein. On the contrary, we seriously doubt whether there was any real issue of fact to be submitted to the jury touching the tenant's negligence. In his plea over against his codefendant Jackson, he alleged the defective condition of the floor and that the only practical and effective way to repair same was to replace it with a new one. As a witness he testified that the floor had splinters in it of different lengths, some of them probably two or three inches long. In justification of his failure to remedy this situation, he testified to an agreement on the part of his landlord to do so, and further testified that there was no way to remedy it except by installing a new floor, because the old one was too rough; that it would be useless to put linoleum down the aisle, because the splinters would work up through it. His general manager gave very strong testimony as to the bad condition of this floor, and further stated that another customer had stuck a splinter in his foot at this place a few days before this accident. In short, the evidence was absolutely undisputed that this appellant exercised no care whatever to remedy the condition, other than his testimony that his landlord promised to do so. On this issue the jury found in favor of the landlord's contention. There could be no other conclusion than that a floor with long splinters sticking up from it would not be reasonably safe for persons to walk over. This is particularly true as to persons, like appellee, the soles of whose shoes are badly worn. These assignments are overruled.

■ Assignments 5 and 6 present this question: Special issue No. 5 submitted in the court's charge to the jury was as follows: "Do you find from the evidence that the plaintiff was exercising ordinary care as he walked over the place where he got the splinter in his foot?" It is claimed that this issue was du-

plicitous in that it, by implication, submitted two ultimate issues, and it is further objected that it undertakes to submit the issue of contributory negligence in general terms. The evidence was undisputed that he got splinters in his foot. Clearly the issue was not duplicitous and the language thereof was almost identical with that employed in the appellant Umsted's answer. These assignments are overruled.

 Assignments 7 and 8 complain of the refusal of the court to submit certain specially requested issues. With reference to the contention that the court erred in refusing to submit issues Nos. 7 and 8, requested by the appellant, it is observed that the appellant Umsted made no request for the submission of these issues. They were requested only by the appellant Jackson. But, if it should be considered that Umsted himself requested the court to submit these issues, there is no merit to the contention. Special issue No. 7 submitted the question as to whether appellee failed to pick up his feet off the floor in walking, and No. 8 whether or not such failure constituted contributory negligence. There is no evidence that appellee failed to pick up his feet off the floor in walking.

Special issues 10 and 11 were requested by appellant Umsted as well as by the appellant Jackson. They embody substantially the same questions that were embodied in issues 7 and 8. Special issue No. 10 was in this language: "Do you find from a preponderance of the evidence that the plaintiff Mike Amador as he passed over the floor dragged or slid his feet?" Issue No. 11 was on the question of whether such conduct constituted contributory negligence. There is no evidence that appellee dragged or slid his feet. He was merely walking down the aisle of the store in the usual manner carrying fifty-eight pounds of groceries which he had purchased. The trial court was very generous and fair in submitting the different theories of contributory negligence. He submitted the issues of whether appellee was guilty of contributory negligence in failing to observe the condition of the floor in the aisle; in walking over said floor while carrying fifty-eight pounds of groceries; and in failing to watch where he was going. We think the evidence surely raised no further issues on that question.

We have considered and overruled all the assignments of appellant Umsted, from which it follows that the judgment as to him should be affirmed.

It is accordingly our order that the judgment of the trial court, in so far as it awarded a recovery against the appellant J. L. Jackson, be reversed and judgment be here rendered in his favor. It is further ordered that in all other respects the judgment of the trial court be affirmed.

Since Jackson prosecuted his appeal successfully, and Umsted unsuccessfully, one-half of the costs of appeal will be adjudged against appellant Umsted and one-half against the appellee.

Affirmed in part, and reversed and rendered in part.