[S. F. No. 16656. In Bank. Jan. 29, 1942.]

MORRIS GREENBERG, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

James C. Purcell and William E. Ferriter for Petitioner.

Matthew Brady, District Attorney, and John R. Golden, Assistant District Attorney for Respondent.

TRAYNOR, J.—The grand jury of the City and County of San Francisco returned an indictment charging petitioner and four others with conspiracy to commit grand theft in violation of Penal Code section 182. The indictment charged that all of the persons named therein procured from the Fireman's Fund Insurance Company a policy of automobile insurance on an automobile that had already been wrecked, that they then reported to the company that the car was wrecked at a time after the date of issuance of the insurance, and that the company paid them for the asserted loss. After petitioner was arraigned, he moved to quash the indictment on the ground that it was void and that the court was without jurisdiction to proceed thereon because there was no evidence before the grand jury tending to support the charges made against him. His motion was denied and he demurred to the indictment. The court overruled the demurrer and set the case for trial. Petitioner has no appeal from either the order of the court refusing to quash the indictment or the overruling of the demurrer, and has therefore petitioned this court

for a writ of prohibition to restrain the lower court from proceeding with the trial.

The transcript of the testimony upon which the indictment was based contains no evidence even remotely supporting the charges made against petitioner. Respondent contends, however, that in California prohibition will not lie to restrain a court from proceeding with the trial of a petitioner on the ground that there was no evidence presented to the grand jury of his guilt of the offense charged.

Prohibition will issue to restrain an inferior tribunal from acting in excess of its jurisdiction if there is no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., sections 1102, 1103.) Public offenses against the State of California must, with few exceptions, be prosecuted by indictment or information, and a court has no jurisdiction to proceed with the trial of an offense unless a valid indictment or information has first been presented. (Cal. Const., art. I, section 8; Pen. Code, sections 682, 888.) An information is a written accusation of crime made by a district attorney, without action by a grand jury, after a magistrate, at a preliminary hearing, has found sufficient cause to believe the defendant guilty of a public offense and has ordered him committed. (Cal. Const., art. 1, section 8; Pen. Code, section 809; see cases cited in 7 Cal. Jur. 967, note 15.) If there is no reasonable or probable cause for the order of the magistrate the defendant may be discharged on *habeas corpus*. (Pen. Code, section 1487; see cases cited in 13 Cal. Jur. 230.) An indictment is ''an accusation in writing, presented by the grand jury to a competent court, charging a person with a public offense'' without the necessity of a preliminary examination by a magistrate. (Pen. Code, section 917; *People* v. *Goldenson,* 76 Cal. 328 [19 Pac. 161].)

A grand jury's function is to return an indictment against a person only when the evidence presented to it indicates that he has committed a public offense. It is no Star Chamber tribunal empowered to return arbitrary indictments unsupported by any evidence. On the contrary the necessity of basing an indictment upon evidence is implicit in section 921 of the Penal Code which provides: ''The grand jury ought to find an indictment when all the evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction by a trial jury.''

A grand jury that indicts a person when no evidence has been presented to connect him with the commission of the crime charged, exceeds the authority conferred upon it by the Constitution and laws of the State of California, and encroaches upon the right of a person to be free from prosecution for crime unless there is some rational ground for assuming the possibility that he is guilty. (*People* v. *Restenblatt*, 1 Abb. Pr. (N. Y.) 268; *People* v. *Glen*, 173 N. Y. 395 [66 N. E. 112]; *People* v. *Buffalo Gravel Corp.*, 195 N. Y. Supp. 940; *People* v. *Brickner*, 8 N. Y. Crim. Rep. 217 [15 N. Y. Supp. 528]; *People* v. *Price*, 6 N. Y. Crim. Rep. 141 [2 N. Y. Supp. 414]; *Gore* v. *State*, 217 Ala. 68 [114 So. 794]; *Sparrenberger* v. *State*, 53 Ala. 481 [25 Am. Rep. 643]; *People* v. *Sexton*, 187 N. Y. 495 [80 N. E. 396, 116 Am. St. Rep. 621]; see *United States* v. *Silverthorne*, 265 Fed. 853; see 59 A. L. R. 567.) Such an indictment is void and confers no jurisdiction upon a court to try a person for the offense charged. (*Ibid.*) It has long been settled in most jurisdictions that an indictment is invalid if it is unsupported by any evidence before the grand jury. (See cases collected in 59 A. L. R. 567.) If there is some evidence to support the indictment, the courts will not inquire into its sufficiency (see cases collected in 59 A. L. R. 573), but the lack of any evidence conclusively establishes that the grand jury has exceeded its authority in returning an indictment.

At common law an indictment returned by a grand jury was unimpeachable because the grand jury proceedings were clothed in secrecy and a court had no access to the evidence upon which the indictment was based. (*People* v. *Tinder*, 19 Cal. 539 [51 Am. Dec. 77].) There ceased to be any reason for the common law rule in this state, however, when section 925 of the Penal Code was amended to require that a transcript, available to both defendant and prosecutor, be kept of the testimony introduced before the grand jury in all criminal causes where an indictment is returned. In the case of *In re Kennedy*, 144 Cal. 634 [78 Pac. 34, 103 Am. St. Rep. 117, 1 Ann. Cas. 840, 67 L. R. A. 406], a defendant petitioned for a writ of *habeas corpus* on the ground that the uncorroborated testimony of an accomplice, which constituted the evidence presented to the grand jury, was insufficient to justify an indictment. The court properly refused the writ, holding, in accordance with the general rule, that it would not inquire into the sufficiency of the evidence.

*Brobeck* v. *Superior Court,* 152 Cal. 289 [92 Pac. 646], in holding that a writ of prohibition did not lie to restrain a trial court from proceeding upon an indictment where there was no evidence presented to the grand jury to support the charges, relied solely upon the authority of *In re Kennedy* without noting the difference between the two cases. At the time each case was decided, section 925 of the Penal Code merely permitted the district attorney at his discretion to have testimony before the grand jury reported but did not make such reporting mandatory. The cases therefore do not control the present situation and the views expressed therein inconsistent with this opinion are disapproved.

Petitioner cannot appeal either from the order denying his motion to quash the indictment or from the overruling of his demurrer. He could not be required to stand trial and to appeal from a possible adverse judgment without being subjected to unreasonable expense, inconvenience, and delay. (*Bruner* v. *Superior Court,* 92 Cal. 239 [28 Pac. 341] ; *Terrill* v. *Superior Court,* 6 Cal. Unrep. 398 [60 Pac. 38] ; *Evans* v. *Willis,* 22 Okla. 310 [97 Pac. 1047, 18 Ann. Cas. 258, 19 L. R. A. (NS) 1050] ; see *Farraher* v. *Superior Court,* 45 Cal. App. 4 [187 Pac. 72].) The only adequate remedy he may seek, therefore, is a writ of prohibition (*Ibid.*). Regardless of the fact that the grand jury is a judicial tribunal from whose decisions there is no appeal (*In re Kennedy, supra*), defendant has the statutory right to restrain the court by prohibition from proceeding in excess of its jurisdiction to try an offense based on a void indictment. Petitioner is therefore entitled to a peremptory writ of prohibition restraining the respondent court from proceeding with the trial.

Let a writ of prohibition issue as prayed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred.