[Civ. No. 18305. Second Dist., Div. One. Mar. 5, 1951.]

LEO E. TONCRAY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Russell E. Parsons for Petitioner.

W. E. Simpson, District Attorney, Jere J. Sullivan and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

DORAN, J.—Petitioner was charged with several violations relating to bookmaking and, following a preliminary examination, was held to answer. A motion was made in the superior court to set aside and dismiss the information on the grounds that the committing magistrate "exceeded his authority in holding your Petitioner to answer for the charges set forth in the information, and the defendant was committed without reasonable or probable cause." The motion was denied, whereupon this petition for a writ of prohibition was filed.

It is contended that the "Superior Court exceeded its authority in denying the motion pursuant to Section 995 of the Penal Code, and the information is therefore void and invalid and the Respondent Superior Court is without jurisdiction to proceed against your petitioner."

■ The principal evidence appears to have been certain handwriting in connection with which a police officer whose qualifications as a handwriting expert were stipulated, testified that the exhibits were written by "one and the same person." On cross-examination the defendant executed several examples in the presence of the expert. And as related in defendant's petition, "These handwritings by Toncray were then submitted to the handwriting expert and after some time spent in examining the handwriting on Exhibit '1' and the disputed handwriting, the expert said this: 'Well, counsel, I must say this, that looking at the Defendants' 1 for identification with th- ~nestioned writing that appears on People's B, I couldn't ho₁ 'v say that one and the same person wrote them.' " It is ar₍ ₁d that this last mentioned testimony definitely disproved and overthrew the charges against the defendant.

Respondent argues on the contrary that such testimony merely presents a conflict in the evidence and that, on the whole, the evidence is sufficient to establish "reasonable or probable cause which may exist although there may be some room for doubt."

Petitioner relies on *Greenberg* v. *Superior Court*, 19 Cal.2d 319, 321 [121 P.2d 713]. However, the Greenberg case presents a rather unusual situation. There the defendant was indicted when "the transcript of the testimony upon which the indictment was based contains no evidence even remotely supporting the charges against petitioner." The court held that in such circumstances the writ of prohibition is a proper remedy for "A Grand Jury that indicts a person when no evidence has been presented to connect him with the commission of the crime charged, exceeds the authority conferred upon it by the Constitution. . . ." Although petitioner's contention is not without merit and the evidence is slight, nevertheless the record does not present a situation where, under the authorities, a writ of prohibition affords the remedy contended for by petitioner.

The alternative writ heretofore issued is discharged and the peremptory writ prayed for is denied.

White, P. J., and Drapeau, J., concurred.