[Civ. No. 8285.   Third Dist.   Oct. 1, 1952.]

WILLIAM RAY BOYD, Petitioner, v. SUPERIOR COURT
OF SOLANO COUNTY, Respondent.

Winters & Winters for Petitioner.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Petition for writ of prohibition. A complaint was issued charging petitioner here with the commission of felonies. By count I therein he was charged with violation of section 217 of the Penal Code; by count II with violation of section 211 of that code; by count III with violation of section 459 of that code, and by count IV with violation of section 503 of the Vehicle Code. There were other counts with which we are not here concerned. These alleged

violations were claimed to have arisen out of a robbery in a liquor store in Benicia at about midnight of May 30th of this year. A preliminary examination was held and petitioner was bound over to the superior court. Thereafter an information was filed in the Superior Court of Solano County conformable to the complaint. The record discloses the following: Two men identified as Samuel Termine and Richard Fouts entered the Black and White Liquor Store in Benicia. While the men were in the store police officers arrived and Richard Fouts was killed when he resisted the officers. Termine surrendered and he was charged in the complaint and information referred to as a codefendant with petitioner Boyd. Petitioner contends that the evidence taken at the preliminary examination does not in any way connect him with any of the four offenses charged. He makes further objections concerning procedural matters and the receipt of evidence by the magistrate, but since we have concluded that his first contention must be sustained it will be unnecessary to examine these further claims of error.

None of the witnesses who testified at the preliminary examination said that they had seen him at the scene of the crime and there was no direct evidence that he participated in any way in the commission of the crimes charged. As to him, the State's case was entirely circumstantial and consisted of the following: Witness Lavezzo, Chief of Police of Benicia, and one of the officers who arrived on the scene, said that as he approached the liquor store he saw a third person get out of a parked car near the liquor store, leaving the motor of the machine running. He neither identified in any way nor attempted to describe this person. The officer did testify as to a conversation had with petitioner the day before the preliminary examination, wherein petitioner told the officer he had been in Vallejo with Sam Termine and Richard Fouts the afternoon of the day of the alleged crimes and had driven to Vallejo from Los Angeles with them. There was evidence that the car parked near the store while the crimes were being committed had been stolen earlier in Vallejo and the officer asked petitioner if he, petitioner, had driven over to Benicia in that particular car. The petitioner refused to answer. Also the petitioner had told the officer that he had parked his (petitioner's) car in Vallejo that particular night and refused to tell the officer how he came to Benicia. He also refused to say whether or not he had come to Benicia from Vallejo with Termine and Fouts. He stated he had been in Vallejo on the

evening of the day the crimes were committed. In refusing to answer he stated to the officer that, while he would not lie to him, he would not answer the questions at that time. Officer Horton stated that petitioner in a conversation had told him that he did not know why he was being questioned, would not at first admit knowing either Fouts or Termine, but finally said he had seen Fouts in Los Angeles two and a half weeks before the crime date, had met Termine about a week before and brought both to Vallejo in petitioner's car (that was on Wednesday, the 28th of May); that the three men then went to Oroville and returned on Thursday, the 29th, spent the night in a motel and the next day and evening spent some time at a club, playing poker; that Fouts and Termine had made it known to him (petitioner) they were coming to Benicia to rob a liquor store, but he said he didn't want any part of it, so he let them out of his car on Tennessee Street in Vallejo, parked his car and walked along the street; that he then hitch-hiked to Benicia to borrow money from an aunt, which took him up to about 2 o'clock Friday. He and his aunt took a taxicab to Vallejo, picked up petitioner's car where it was parked on Tennessee Street and rode to Napa. They stopped at a side road and petitioner threw certain belongings of Fouts from the car "so that he wouldn't be implicated in any way with Fouts." Prior to the incidents involving the crimes with which he stands charged, petitioner had been involved in at least one crime of robbery in Benicia and it is a fair inference that he was then associated with Fouts and Termine.

Petitioner moved to set aside the information with respect to the counts charging the crimes hereinbefore referred to and his motion was denied. He thereupon filed his petition here upon the ground that he had been committed on an information without reasonable or probable cause. (Pen. Code, §§ 995, 999a.) █ The rule applicable in the instant proceeding is stated in *Greenberg* v. *Superior Court*, 19 Cal.2d 319, 320 [121 P.2d 713], and *Dong Haw* v. *Superior Court*, 81 Cal.App. 2d 153 [183 P.2d 724]. Briefly stated, it is that to justify indictment or information there must be some evidence to connect the person charged with the commission of the crime charged. This evidence may be purely circumstantial in nature and of slight weight, but unless it affords a rational ground for assuming the possibility that the person charged is guilty, he is entitled to a writ of prohibition to prevent further proceedings against him. █ Applying the rule

to the facts here, we think it clear that the evidence does not furnish the required basis for the information. In arguing against the issuance of the writ, the attorney general puts the matter in this way: The petitioner in his admission to police officers revealed that he had been in Vallejo the evening of the robbery and that he left his car in that city. A short time later he was in the neighboring city of Benicia and very shortly after the commission of the robbery returned to Vallejo in a hired cab. He had in his possession in his car clothing belonging to Richard Fouts which he disposed of a few hours after the robbery, thus indicating his guilty knowledge of the commission of the offense. In addition, it is argued that petitioner had been involved in a series of similar crimes in Benicia in company with Fouts and by his own admission he was in company of Fouts and Termine, both of those men having been shown to have been involved in the commission of the offense in question. Then says the argument: "This petitioner when questioned and accused by the police officers respecting his participation in the commission of this offense, refused to answer questions and failed to deny the accusations against him." Generally speaking, this summary of the record discloses association between petitioner on the one hand and Fouts and Termine on the other, including, it may be assumed, participation with them in other crimes of like character, but there is complete absence of any direct or circumstantial evidence that connects petitioner with this particular crime. His possession of the clothes of Fouts and his disposition of them a few hours after the robbery by throwing them away may indicate guilty knowledge of the commission of the offense, but does not indicate participation. He refused to answer certain questions concerning his itinerary, but these questions were not accusatory in the sense of accusing him of participation in the crime. The brief in opposition to the writ closes the summary of evidence relied on by saying, "In addition, various bits of circumstantial evidence unerringly point to the participation of petitioner in the commission of this offense," but does not point out these various bits of evidence, circumstantial or otherwise, and our search of the record does not disclose their existence. Summing it all up, petitioner may be guilty of one or more of the crimes of which he stands accused, but nothing produced at his hearing before the magistrate warrants his being held therefor.

Let a writ of prohibition issue as prayed.

Peek, J., and Schottky, J. pro tem., concurred.