Freta M. VANDERBURG et al., Appellants,

v.

R. F. DRAKE, Appellee.

No. 4753.

Court of Civil Appeals of Texas, Eastland.

Dec. 13, 1974.

———◇———

Randy Taylor, Dallas, for appellants.

Eric Eades, Jr., Eades & Eades, Dallas, for appellee.

RALEIGH BROWN, Justice.

We withdraw our opinion and judgment of November 22, 1974, and substitute this opinion therefor.

This is a summary judgment case. Freta M. Vanderburg and James R. Vanderburg, husband and wife, sued R. F. Drake seeking damages for personal injuries sustained by Freta Vanderburg when a chair on which she sat collapsed. At the time Mrs. Vanderburg was the social guest of Peggy Key in an apartment owned by Drake. The trial court granted summary judgment for Drake upon his motion which contended there was no covenant or agreement on his part to keep the rented premises or furnishings in repair, therefore, he owed no duty to Peggy Key, or anyone else including the plaintiff to keep same in repair and no cause of action could exist against him as a matter of law.

Freta and James Vanderburg appeal. They argue Drake's liability resulted from his negligence in placing a chair in the apartment of Peggy Key knowing it to be defective. The Vanderburgs contend a question of fact exists as to whether or not Drake knew of the defective condition of the chair when he placed it in the premises.

The court in Billy D. Wallace v. Leon Horn et al., 506 S.W.2d 325 (Tex.Civ.App. —Corpus Christi 1974, writ ref. n. r. e.), stated:

"The law governing liability of a landlord to 'invitees and servants of tenants' is well established in Texas. '. . . The rule in this State and most of the other States seem to be that, where there is no agreement by the landlord to repair the demised premises, and he is not guilty of any fraud or concealment by failing to disclose hidden defects of which he has knowledge, the tenant takes the risk of their safety, and the landlord is not liable to him or to any person entering under his title or by his invitation

for (injury caused) by reason of their unsafe condition. . . .' Morton v. Burton-Lingo Co., 136 Tex. 263, 150 S. W.2d 239 (Tex.Comm'n.App.1941, opinion adopted) quoting from the holding of the Court of Civil Appeals, 126 S.W.2d 727 (Tex.Civ.App.—Eastland 1939); 35 Tex.Jur.2d Landlord and Tenant § 118, p. 619." (Emphasis ours).

The undisputed evidence shows that Peggy Key rented the furnished apartment from R. F. Drake on February 23, 1973, with no agreement that Drake repair the furniture. However, the only summary judgment proof as to Drake's knowledge concerning any defect in the chair prior to renting the apartment was the deposition testimony of Drake himself. Such testimony of an interested witness raises a genuine material fact issue and precludes the granting of a summary judgment. James T. Taylor, Etc. v. Arlington Ind. School Dist., 335 S.W.2d 371 (Tex. 1960).

Drake further contends, however, the summary judgment evidence shows that Peggy Key knew of the defect in the chair, therefore, the landlord had no duty to the guest. We agree. Marshall v. Heard, 59 Texas 266 (Tex.Sup.1883); Goldstein v. Corrigan, 405 S.W.2d 425 (Tex.Civ.App.— Waco 1966, no writ); Jackson v. Amador, 75 S.W.2d 892 (Tex.Civ.App.—Eastland 1934, writ dism.). Although this ground for sustaining the summary judgment was not included in Drake's motion for summary judgment as required by Rule 166–A, Texas Rules of Civil Procedure, the court specified such a ground in its judgment. The Vanderburgs did not preserve this error by a specific or general point of error and argument. Watson v. Glens Falls Insurance Company, 505 S.W.2d 793 (Tex. Sup.1974); Malooly Brothers, Inc. v. Napier et al., 461 S.W.2d 119 (Tex.Sup.1970).

Appellee's motion for rehearing is granted; the judgment is affirmed.