[Crim. No. 317. Second Appellate District.—February 2, 1914.]

THE PEOPLE, Respondent, v. PAUL SANCHEZ, Appellant.

CRIMINAL LAW—EXAMINATION OF WITNESS—OVERRULING OBJECTION TO QUESTION—HARMLESS ERROR.—Error, if any, in overruling an objection to a question propounded by the district attorney to the prosecuting witness in a rape case, is not prejudicial, if the fact testified to by the witness in response to the question has already been proved by necessary inference from answers previously given, and is established without conflict as a fact in the case.

ID.—DEFECT IN INFORMATION—REVIEW ON APPEAL FROM ORDER REFUSING NEW TRIAL.—A defect in an information cannot be considered on an appeal from an order refusing a motion for a new trial.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

C. W. Benshoof, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant, having been found "guilty of assault with intent to commit the crime of rape as charged in the information," moved the court for a new trial "on the ground that the court erred in the decision of a question of law arising during the course of the trial." Judgment having been duly entered on the verdict, defendant appeals from the order denying said motion. for a new trial. No appeal was taken from the judgment.

The reporter's transcript shows only one objection made on behalf of defendant during the course of the trial, and we may assume that the ruling made on that objection constitutes the error to which the defendant's counsel referred. This also appears from his brief on the appeal. By the ruling referred to the court overruled the defendant's objection to a question propounded by the district attorney to the prosecuting witness. As the fact testified to by the witness in response to that question had already been proved by necessary inference from answers previously given, and is established without conflict as a fact in the case, the court's ruling, even if it was wrong, could not be prejudicial error.

The suggestion in appellant's brief, of a defect in the information, cannot be considered, since there is no appeal from the judgment. (*People* v. *Turner,* 39 Cal. 370; Pen. Code, secs. 1012, 1239.)

The order denying the motion for a new trial is affirmed.

James, J., and Shaw, J., concurred.