[Crim. No. 3277.   Second Appellate District, Division Two.—March 4, 1940.]

THE PEOPLE, Respondent, v. CARRIE JOHNSTON, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

WOOD, J.—Appellant and one Hazel Parker were accused by information of the crime of violating subdivision 6 of section 337a of the Penal Code, in that they ''did . . . lay, make, offer and accept a bet and bets and wager and wagers upon the result and purported result of a trial . . . of speed and power of endurance between beasts, to-wit, horses''. At a trial before the court without a jury appellant was found guilty. She now appeals from the order denying her motion for a new trial. There is also a purported appeal from the ''judgment''.

The case was presented to the superior court upon the transcript of the testimony received at the preliminary examination, an unsatisfactory practice which has heretofore been condemned by both divisions of this court. (*People* v. *Fisk*, 32 Cal. App. (2d) 26 [89 Pac. (2d) 142]; *People* v. *Newland,* \*(Cal. App.) [97 Pac. (2d) 972].) Two police officers testified for the prosecution but no testimony was offered by the defendants. In his brief the attorney-general fairly sums up the testimony of officer Durham: ''The defendants worked at the Crow's Nest, a cafe and beer parlor at 205 East Vernon avenue, in the city of Los Angeles. On March 1, 1939, William Durham, a Los Angeles police officer, walked into the place and bought a glass of beer. The defendant Mrs. Parker was behind the bar waiting on customers. Some man came in and told Mrs. Parker that he wanted to make a bet with the other lady. He said, 'She don't know me. You know me and you will have to O. K. me'. Mrs. Parker then called the appellant, Carrie Johnston, and told her that she knew this man and that he was O. K. This man gave appellant a dollar and also the name of a horse. She asked some man there, who had a scratch sheet, the number of this horse and he replied, '729', so she marked that down and then asked the man who had given her the dollar what name he would give and he said 'Edith', and she marked that down on a slip of paper. At this point Police Officer Durham walked up and said he wanted to place one dollar to win on 'Jaw Breaker'. She turned around to the same man as before who had the scratch sheet

---

*In the case of *People* v. *Newland* the Supreme Court granted a hearing on February 8, 1940.

and asked him what number 'Jaw Breaker' was and he replied '728'. She marked 728 down on a slip of paper and asked the officer his initials and he replied 'WHD'. Then he gave her a dollar bill and followed her back to a pay telephone in the rear where she telephoned and he placed her under arrest. He took from her the dollar bill he had given her and also a piece of yellow memorandum paper with the marks she had made on it, including the number 729 which he had seen her write, and the number 728 on which he had made his bet. In addition to the scratch sheet from which the numbers of the horses were obtained, the officers found a racing form of March 1, 1939, which was taken from behind the bar. This is People's Exhibit 'C'. When the officer first went in appellant was talking on the telephone and she hung up and came back in the room and 'gave some people some money—different amounts around the room'."

Appellant now charges that the information is faulty in that it "charges more than one offense, as forbidden by section 954 of the Penal Code". She also makes the point that the evidence is insufficient to sustain the conviction. The attorney-general contends that there is no merit in either of these points and also contends that the record discloses that appellant is not in position to press them.

■ The trial court did not pronounce judgment in the present action but suspended the proceedings and placed appellant on probation. Since no judgment was pronounced the purported appeal from the "judgment" must be dismissed, leaving for our consideration the order denying the motion for a new trial. (*People* v. *Johnson*, 14 Cal. App. (2d) 373 [58 Pac. (2d) 211]; *People* v. *Von Eckartsberg*, 133 Cal. App. 1 [23 Pac. (2d) 819].)

■ Appellant filed a demurrer to the information which was overruled by the trial court. The action of the court in overruling a demurrer can be reviewed in this court only upon an appeal from a judgment. (*People* v. *Turner*, 39 Cal. 370; *People* v. *Sanchez*, 23 Cal. App. 742 [139 Pac. 820].) Since we have before us no appeal from a judgment we cannot consider appellant's attack upon the information. Therefore no occasion arises for discussing the recent decision of the Supreme Court, *People* v. *Pierce*, 14 Cal. (2d) 639 [96 Pac. (2d) 784], which is relied upon by the attorney-general

to sustain the action of the trial court in overruling the demurrer.

There is nothing in the record which would justify a reversal of the order denying the motion for a new trial. The clerk's transcript shows that the motion for a new trial was denied on August 17, 1939. This is the only reference to a new trial to be found in the record, other than that which appears in the reporter's transcript of the proceedings on the same date, when appellant was arraigned for sentence. At that time the court asked if there was any legal cause to show why judgment and sentence should not be pronounced, to which counsel for appellant replied that he "would like to argue it as soon as possible" and that he merely wished to refer the court to two cases. The trial judge stated that a jury was waiting in a case then on trial whereupon counsel for appellant stated, "If the court please, I will submit the motion that I am making". The court then denied the motion for a new trial. It will be noted that counsel did not state any ground upon which the motion for a new trial was made, and nowhere in the record are we supplied with information on this point. In the absence of such information this court may not reverse the order of the trial court. In *People* v. *McCoy*, 71 Cal. 395 [12 Pac. 272], the court in refusing to review an order denying a motion for a new trial stated that "where such a record fails to disclose the grounds upon which a motion for a new trial was heard and determined, the ruling of the court upon the motion cannot be made the subject of review on appeal". In *People* v. *Skoff*, 131 Cal. App. 235 [21 Pac. (2d) 118], the trial court had granted a motion for a new trial but the reviewing court in reversing the order held that "since the defendant failed to move for a new trial on the ground of insufficiency of the evidence, the order granting the motion may not be supported on that ground". In *People* v. *Beatcher*, 136 Cal. App. 337 [28 Pac. (2d) 943], the clerk's transcript showed the following minute order: "Defendant's oral motion for a new trial is denied". The reporter's transcript of the proceedings of the same day showed that counsel for defendant stated: "At this time, may it please the court, I desire on behalf of the defendant, and defendant does, to make oral motion for new trial, on all the statutory grounds, and submit it

without argument". The court denied the motion and the reviewing court in affirming the order ruled that: "The bald statement to the trial court that the defendant made his motion for new trial 'on all the statutory grounds', without argument and without suggestion of any definite reason for granting the motion, did not fairly and reasonably call for decision upon any indicated question in the case".

The purported appeal from the "judgment" is dismissed. The order denying a new trial is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 13, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1940.