[Crim. No. 3527.   Second Dist., Div. One.   Feb. 26, 1942.]

THE PEOPLE, Respondent, v. FRANK DUNCAN, Appellant.

Bertram H. Ross for Appellant.

Earl Warren, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, P. J.—This is an appeal from an order denying motion for a new trial, appellant's appeal from the judgment having been dismissed upon motion made by respondent for the reason that appellant's application for probation was granted by the trial court and, therefore, no judgment was ever entered in the instant cause. (*People* v. *Duncan*, 48 Cal. App. (2d) 642 [120 Pac. (2d) 708].)

Upon his arraignment in the trial court and before he pleaded "not guilty" to the crime of grand theft, as charged in the information, appellant made his motion to set aside said information under section 995 of the Penal Code upon the ground that he was not properly committed before the committing magistrate, which motion was denied.

Appellant states the issues upon appeal as follows: "No question is raised concerning the sufficiency of the evidence upon the trial of this case. The sole attack on appeal relates to the sufficiency of the proceedings upon preliminary hearing, and to that end by proceedings for diminution of the record the transcript of the preliminary proceedings is before this court.

"It is Appellant's position that jurisdiction to try a felony case attaches to the Superior Court only, as the result of a Grand Jury indictment, or an information filed based upon a preliminary hearing upon which there has been a showing of reasonable cause to believe that a public offense has been committed."

It is further argued by appellant that ''The proof of the commission of a public offense before a Magistrate is requisite to the exercise of jurisdiction by the Superior Court and there is no reason why defendant must stand trial where he has been improperly committed. (*People* v. *Bomar*, 73 Cal. App. 372 [238 Pac. 758] at 378.'')

It appears to be the law that an attack upon either an indictment or an information cannot be considered by this court upon an appeal from an order denying motion for new trial.

In the early case of *People* v. *Turner*, 39 Cal. 370, 371, it was stated: ''Objections which go to the form or sufficiency of the indictment, or to the jurisdiction of the tribunal presenting the same, may be presented by demurrer before issue of fact is presented by plea.

''Errors and irregularities in the proceedings, resulting in the presentation of the indictment . . . can only be made available to defendant before plea by motion to set aside the indictment.

''The action of the Court upon the demurrer, and upon the motion to set aside the indictment, can only be reviewed in the appellate Court on appeal from the final judgment.

''Objections which may be presented by demurrer before plea, may further be made available after verdict by motion in arrest of judgment; and the action of the Court on this motion can only be reviewed on appeal from the judgment.

''Thus, it will be seen, that a motion for a new trial presupposes a sufficient valid indictment, upon which, with sufficient legal evidence in support of its allegations, a legal verdict and a valid, binding judgment may be pronounced. The statute does not contemplate or authorize a re-trial upon an insufficient or invalid indictment; hence, a motion for a new trial cannot properly be based upon any objection to the sufficiency or validity of the indictment, or any errors or irregularities occurring in the proceedings before issue of fact joined by plea to a good and sufficient indictment, the object and purpose of a re-trial being simply to enable the trial Court to avoid the errors and irregularities claimed to have occurred on the former trial to the prejudice of the rights secured to the defendant.''

In the case of *People* v. *Sanchez*, 23 Cal. App. 742, 743 [139 Pac. 820], it was held: ''The suggestion in appellant's brief, of a defect in the information, cannot be considered, since

there is no appeal from the judgment. (*People* v. *Turner,* 39 Cal. 370; Pen. Code, secs. 1012, 1239.)''

Again in the late case of *People* v. *Johnston,* 37 Cal. App. (2d) 606, 608 [100 Pac. (2d) 307], it was held: ''Appellant filed a demurrer to the information which was overruled by the trial court. The action of the court in overruling a demurrer can be reviewed in this court only upon an appeal from a judgment. (*People* v. *Turner,* 39 Cal. 370; *People* v. *Sanchez,* 23 Cal. App. 742 [139 Pac. 820].) Since we have before us no appeal from a judgment, we cannot consider appellant's attack upon the information.''

In the case of *In re Basham,* 24 Cal. App. (2d) 285, 286 [74 Pac. (2d) 781], where petitioners after conviction of the crime of robbery in the first degree, applied for a writ of habeas corpus, ''alleging in substance that they were not legally committed by a magistrate on the particular charge of robbery set forth in the information, and to which they pleaded guilty,'' it was held: ''It is well settled, however, that one convicted upon an information is precluded in a proceeding in habeas corpus from raising the objection that he was not examined or held to answer by a magistrate prior to the filing of such information; that the filing of an information gives the superior court jurisdiction to proceed in the case, and that section 995 of the Penal Code provides the exclusive method of trying the question of whether the information is founded on the necessary preliminary examination, which is by way of motion to set aside the information. (*Ex parte McConnell,* 83 Cal. 558 [23 Pac. 1119]; 13 Cal. Jur. 228.)''

In the instant case, appellant moved the committing magistrate to dismiss the complaint on the ground that there was a complete failure of proof at the preliminary hearing; upon arraignment in the superior court, appellant made his motion to set aside the information under section 995 of the Penal Code upon the ground that he was not properly committed before the committing magistrate, and finally, after the verdict of the jury and before he made his application for probation, appellant made his motion for arrest of judgment on the ground that the court had no jurisdiction of the offense charged in the information. All of these motions were denied, and appellant was placed on probation.

Since appellant raises no question as to the sufficiency of the evidence to support the verdict of the jury, finding him

guilty of the offense charged in the information, and since the action of the trial court in denying appellant's motion to set aside the information under section 995 of the Penal Code can be reviewed only upon an appeal from the judgment, the order denying motion for a new trial is affirmed.

Doran, J., concurred.

WHITE, J., Dissenting.—I dissent. While the cases hold that a defect in the information or the action of the court in overruling a demurrer can be reviewed only on an appeal from the judgment and not when, as here, the appeal is taken from the order denying a motion for a new trial, nevertheless, in the instant case the record shows that when the first witness was called at the trial and before such witness gave any testimony, defendant objected to the introduction of any evidence on the ground that he had been committed by the magistrate without reasonable or probable cause. Consequently, we are not here confronted with the review of any defect or other impairment appearing upon the face of the information, but with a review of a motion which amounted to a challenge to the jurisdiction of the court. In my opinion, the correctness of the ruling denying such motion is reviewable on appeal from an order denying a motion for a new trial, presenting, as such an appeal does, a question of law involved in a ruling made by the court at and during the trial. (Pen. Code, sec. 1259.) Prior to making the objection just mentioned to the introduction of any evidence, defendant had made his motion under section 995 of the Penal Code to set aside the information, and in support thereof offered in evidence the transcript of the testimony taken at the preliminary examination, and which transcript is now before us, as it was before the trial court at the time objection was made to the introduction of any evidence.

The case of *Greenberg* v. *Superior Court*, 19 Cal. (2d) 319 [121 Pac. (2d) 713], recently decided by our Supreme Court, is authority for the statement that when a grand jury indicts a person without the presentation of evidence to connect him with the commission of the crime charged, it exceeds its authority, and the indictment returned is void and ineffectual to confer jurisdiction upon a court to try a person for the offense charged. By the same token, may it not be said that where a committing magistrate holds a person to answer without reasonable or proper cause therefor, an

information predicated upon such a commitment is void and equally ineffectual to confer jurisdiction upon the superior court to try such person for the offense charged in the information?

From a review of the evidence adduced at the preliminary examination, it is at once apparent that no attempt was made to prove the falsity of the representations allegedly made by the defendant, nor to establish that the property admittedly received by the complaining witness was not in fact worth the money she paid therefor. It seems to me these are essential and material elements of the charge made against appellant and form its gravamen or core. I am strongly of the opinion that the evidence presented at the preliminary examination falls far short of establishing that reasonable or probable cause required for commitment of the defendant for trial by the magistrate. Such being the case, the superior court was without jurisdiction to try the defendant (*Greenberg* v. *Superior Court, supra*), and the ruling of the court on the motion appropriately made at the trial challenging the court's jurisdiction is in my opinion reviewable on appeal from the order denying the motion for a new trial. Therefore, such order should be reversed.

Appellant's petition for a hearing by the Supreme Court was denied March 27, 1942. Carter, J., voted for a hearing.