[Crim. No. 2311. Third Dist. Jan. 25, 1952.]

THE PEOPLE, Respondent, v. FREDDIE NATION, Appellant.

Freddie Nation, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant, Freddie Nation, has appealed from the denial by the Superior Court of San Joaquin County of his motion to annul, vacate and set aside the prior judgment of that court sentencing him to imprisonment for the crime of burglary. To this appeal the respondent has interposed a motion to dismiss upon the grounds that the appeal is irregular, frivolous, sham and without merit. The motion is based upon the records and files in the case. The motion to annul, vacate and set aside the judgment, which judgment had been rendered on May 29, 1943, was upon the grounds "that the trial court was without jurisdiction to render judgment against this defendant and to sentence him to imprisonment in the state prison on a plea of guilty on a felony charge of burglary when he was not represented by counsel at the proceedings, in violation of section 858 et seq., of the Penal Code of California, and in violation of section 8 of Article I of the Constitution of the State of California." It appears to be the position of appellant that the entire proceedings resulting in this imprisonment were null and void *ab initio*. In more detail his notice of motion in the trial court and his allegations of fact in support thereof show the following: When accused of burglary by a complaint filed in the police court of Stockton he appeared before that court without counsel; he was thereupon asked if he was guilty of the charge and answered that he was; no further proceedings were then taken, but an order was made holding him to answer to the superior court for the crime of which he stood accused; thereafter an information was filed in the superior court charging him with the same crime; when he appeared in that court for further proceedings on the information and while he was again without counsel the court merely determined the degree of the crime and sentenced him to imprisonment. Appellant further sets forth that he had not been counseled as to his rights to an appeal and hence did not prosecute one from the judgment which he now seeks to annul.

It seems clear that appellant mistakenly believes that the proceedings before the magistrate were in accordance with section 859a of the Penal Code which permits a defendant represented by counsel to plead guilty, whereupon his case may be certified directly to the superior court which then proceeds as upon a plea of guilty in that court. The section authorizes this procedure in lieu of preliminary examination and holding over, followed by the filing of an in-

formation. The section provides that it shall not be construed to authorize the receiving of a plea of guilty by the magistrate, from any defendant not represented by counsel. But such was not the procedure followed as is shown by appellant's notice of motion to annul the judgment. Whatever may have been done by the magistrate, the order of the magistrate was not a certification as upon a plea of guilty but simply a holding of the appellant to answer, followed by the filing of an information. "The filing of the information gave the [superior] court jurisdiction to proceed in the case" (*Ex parte McConnell,* 83 Cal. 558 [23 P. 1119]; *People* v. *Youders,* 96 Cal.App.2d 562, 568 [215 P.2d 743]; *In re Edwards,* 99 Cal.App. 541, 544 [278 P. 910, 290 P. 591]), and the jurisdiction of that court did not depend upon the regularity of the proceedings before the magistrate. If those proceedings were irregular in any way then the situation is governed by Penal Code, section 995, which "provides the exclusive method of trying the question whether the information was founded on the necessary preliminary examination and commitment." (*Ex parte McConnell, supra; In re Stroff,* 132 Cal.App. 351, 354 [22 P.2d 770]; *People* v. *Duncan,* 50 Cal.App.2d 184, 187 [122 P.2d 587]; *In re Tedford,* 31 Cal.2d 693, 694 [192 P.2d 3].) That section provides for setting aside an information if, before the filing thereof, the defendant had not been legally committed by a magistrate.

It further appears from the record as a whole that appellant does not complain that he was not informed of his right to counsel by the magistrate; nor that he was not informed by the trial court of his right to counsel and told that if without funds counsel would be procured for him when he was before that court on arraignment and entered a plea of guilty. In fact, the record he has filed here discloses affirmatively that such information was given and that he proceeded on his own representation to enter his plea.

It appearing that the appeal is devoid of merit, the motion to dismiss is granted.

Adams, P. J., and Peek, J., concurred.