[No. B016643. Second Dist., Div. Four. Dec. 15, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT L. SMITH, Defendant and Appellant.

## COUNSEL

Ronald N. Ito, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John R. Gorey and Robert R. Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McCLOSKY, J.**—Robert Louis Smith appeals from his conviction following his guilty pleas to charges of grand theft (Pen. Code, § 487, subd. 1) and forgery (Pen. Code, § 470) and the finding of truth of the enhancement allegation following his admission that he had served a prior prison term for a felony. (Pen. Code, § 667.5.) This case raises the question of the jurisdiction of the superior court to enter judgment in a case in which no information was filed. We hold that the superior court had no jurisdiction to accept a guilty plea absent the filing of an information.

Appellant was charged with grand theft and nine counts of forgery in a complaint filed in municipal court. Following the preliminary hearing, appellant was held to answer on those charges and a date was set for arraignment in the superior court. At the superior court arraignment, the following colloquy took place:

"THE COURT: This is not an information.

"MR. BERRY: There's a copy of the complaint inside that alleges the real offense, but no copy of an information to match it.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: And what about the—is there an information filed?

"MR. BERRY: There appears to be no information filed.

"THE COURT: Do you have an information?

"MR. BERRY: No. I have a copy of the complaint, however, and the complaint does have an enhancement alleging a prior."

The court and the parties thereafter apparently treated the municipal court complaint as an information. Appellant waived his constitutional rights, pleaded guilty to the first two causes of action of the complaint and admitted the truth of the enhancement allegation. The court accepted the plea. Appellant was subsequently sentenced.

 Grand theft (Pen. Code, § 487, subd. 1) and forgery (Pen. Code, § 470) are offenses which must be prosecuted by indictment or information. (Pen. Code, § 682.) An information must be filed within 15 days of the accused being held to answer for the offenses. (Pen. Code, §§ 739, 872.) There is no evidence that an information was filed in this case, and it appears from the record of the proceedings held April 29, 1985, that the court and parties were aware that no information appeared in the superior court file.

Respondent argues that the information charging appellant in a *prior* felony prosecution, and presumably filed in this case in connection with the enhancement allegation (Pen. Code, § 667.5), should be treated as the accusatory pleading herein. The argument fails because that information does not allege the offenses to which appellant pleaded guilty, but rather offenses occurring approximately five years earlier.

 Timely filing of the valid information gives the superior court jurisdiction to try an accused. (*Rogers* v. *Superior Court* (1955) 46 Cal.2d 3, 7 [291 P.2d 929]; *Greenberg* v. *Superior Court* (1942) 19 Cal.2d 319, 321 [121 P.2d 713]; *People* v. *Nation* (1952) 108 Cal.App.2d 829, 831 [239 P.2d 891]; Witkin, Cal. Criminal Procedure (1963) § 180, pp. 170-171.) Failure to file an information is an irregularity of sufficient importance

to the functioning of the courts that the parties cannot cure the irregularity by their consent to the proceedings. (See *In re Griffin* (1967) 67 Cal.2d 343, 348 [62 Cal.Rptr. 1, 431 P.2d 625].) ▮ The superior court did not have jurisdiction to accept appellant's guilty plea or to enter judgment against him.

The judgment is reversed.

Woods, P. J., and Arguelles, J., concurred.