[No. C056320. Third Dist. May 28, 2008.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD MASOTTI, Defendant and Respondent.

## COUNSEL

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, John G. McLean and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Appellant.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**ROBIE, J.**—Defendant Richard Masotti was charged with possession of a controlled substance without a prescription, cultivation of marijuana, and two counts of sale of marijuana. After a jury found him guilty of cultivation of marijuana and two lesser included counts of furnishing marijuana, the trial court ordered a new trial on the cultivation charge based on instructional error and insufficient evidence.

On appeal from the order granting a new trial, the People contend (1) the trial court did not have jurisdiction to grant the motion on the basis of instructional error; (2) there was no instructional error in the jury instructions regarding medicinal marijuana; and (3) there was sufficient evidence to support a conviction. We agree that the trial court did not have jurisdiction to grant a new trial for instructional error. The court also erred in finding insufficient evidence for the conviction. Therefore, we reverse the order granting a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Vietnam War veteran who suffers from pain in his knees and hip. He has used marijuana for pain management. In April 2006, he obtained a medical marijuana recommendation card. After receiving the card, he began growing marijuana at home.

In October 2006, California Highway Patrol Officer William Brian Cox arranged for an informant, Perry E., to make a "controlled buy" from defendant. Perry E. went to defendant's home and asked for marijuana, telling defendant it was his birthday. Defendant gave Perry E. the marijuana, but refused payment. Perry E. placed $10 on the table before he left.

In November 2006, Officer Cox had Perry E. perform another "controlled buy" from defendant. Defendant again gave Perry E. marijuana. Perry E. gave defendant $5.

On November 17, 2006, officers searched defendant's residence. During the search, the officers found marijuana plants, drying marijuana, and dried marijuana. The officers also found $189 in cash. Officer Cox testified the amount of marijuana recovered was within state guidelines for someone with a medical marijuana card.

The jury found defendant guilty of one count of cultivation of marijuana and two counts of furnishing marijuana. Defendant filed a motion for a new trial based solely on insufficient evidence. The trial court granted the motion for a new trial on the cultivation charge. The court stated a new trial was necessary under Penal Code section 1181, cases 5 and 6, because of instructional error and insufficient evidence. The court stated that because defendant has a medicinal marijuana card and the amount of marijuana found was within the state guidelines, the jury instructions might have misled the jury. Further, the court held that because the medical marijuana card provided a defense against prosecution for cultivation of marijuana, there was insufficient evidence to convict defendant.

## DISCUSSION

The People argue the trial court abused its discretion in granting the new trial motion. They argue the court had no jurisdiction to grant a new trial for instructional error when defendant's motion did not raise that ground. They also argue the court abused its discretion by finding there was insufficient evidence to support the cultivation conviction. We agree on both points.

### I

*The Trial Court Did Not Have Jurisdiction to Grant a New Trial for Instructional Error When Defendant Did Not Raise the Issue in His Motion for a New Trial*

Penal Code section 1181 authorizes the court to grant a new trial under specific conditions. The relevant portions of the statute read as follows: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only: [¶] . . . [¶] 5. When the court has misdirected the jury in a matter of law . . . ; [¶] 6. When the verdict or finding is contrary to law or evidence . . . ."

Defendant's motion for a new trial was based solely on the ground that there was insufficient evidence to convict him. He specifically argued the court had jurisdiction under Penal Code section 1181, case 6 to grant a new trial. There was no mention of instructional error or Penal Code section 1181, case 5 in his motion for a new trial.

In granting the motion, the trial court stated, "My intention to grant the motion for a new trial on [the cultivation of marijuana charge] is going to be based on [cases] 5 and 6 of the [Penal Code] section 1118–1181. [Case] 5 would be based on the grounds that I misdirected the jury and didn't instruct them about what the consequence of abusing the [medical marijuana] card was, and I think that's in and of itself a ground for reversal, or new trial."

In their opening brief, the People addressed only the question of whether there was sufficient evidence to convict defendant. In response, defendant pointed out that the People did not address the issue of instructional error and argued the issue was waived. The People then filed a reply brief arguing that the trial court did not have jurisdiction under Penal Code section 1181, case 5 to order a new trial, as it was outside the scope of the motion for a new trial.

Defendant argues the People forfeited their right to argue any error with regard to the trial court's ruling on inadequate jury instructions, as the People

did not address that issue in their opening brief to this court. While defendant correctly states the general rule that an argument not asserted has been forfeited, this court may address such arguments where necessary. (*People v. Norwood* (1972) 26 Cal.App.3d 148, 152 [103 Cal.Rptr. 7] ["[a]n appellate court may note errors not raised by the parties if justice requires it"]; *Maguire v. Cunningham* (1923) 64 Cal.App. 536, 540 [222 P. 838] [the court raised the issue of jurisdiction despite a lack of briefing on appeal].) Here, we will address whether the trial court could grant a new trial based on grounds not raised in the new trial motion, as it is a jurisdictional question of pure law on facts that are uncontested by the parties.

■ A motion for new trial may be granted only upon a ground raised in the motion. (*People v. Johnston* (1940) 37 Cal.App.2d 606, 609 [100 P.2d 307]; *People v. Skoff* (1933) 131 Cal.App. 235, 240 [21 P.2d 118].) "[A] defendant waives his right to a new trial upon all grounds included within the provisions of [Penal Code section 1181] unless he specifies the grounds upon which he relies in his application therefor." (*Skoff*, at p. 240.) Allowing a court to grant a new trial on a ground not raised by the moving party would be the equivalent of allowing the court to grant a new trial on its own motion, an act which the court is without authority to do. (See *People v. Rothrock* (1936) 8 Cal.2d 21, 23–24 [63 P.2d 807]; *People v. Sanders* (1990) 221 Cal.App.3d 350, 363 [271 Cal.Rptr. 534] [court is without authority to grant new trial where defendant failed to file statutory motion for new trial].)

■ Here, the court went beyond the scope of defendant's motion by granting a new trial under Penal Code section 1181, cases 5 and 6 when defendant raised only case 6 in his motion for a new trial. The trial court had no jurisdiction to order a new trial under Penal Code section 1181, case 5 and therefore exceeded its authority.[1] (*People v. Skoff, supra*, 131 Cal.App. at p. 240.)

## II[*]

*The Trial Court Abused Its Discretion in Finding the*
*Evidence Insufficient to Convict Defendants*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] We do not rule today on whether the issues raised both in defendant's brief and by the trial court itself regarding the jury instructions have merit. Instead, those issues must be addressed (if at all) in a separate appeal from the judgment challenging the instructions themselves rather than this appeal from the order granting a new trial.

[*]See footnote, *ante*, page 504.

## DISPOSITION

The order granting a new trial is reversed and the case is remanded to the trial court for sentencing.

Morrison, Acting P. J., and Butz, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 27, 2008, S164301. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.