Filed 2/5/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C075983 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR77911) |
| v. | |
| JOSE GUADALUPE MUNOZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Tehama County, C. Todd Bottke, Judge.  Affirmed.

Gabriel Bassan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputies Attorney General, for Plaintiff and Respondent.

Defendant Jose Guadalupe Munoz violated probation by admittedly driving on a suspended license and possessing methamphetamine.  The trial court sentenced him to three years in county jail followed by three years of mandatory supervision subject to

1

terms and conditions including that he participate in psychological or psychiatric counseling/treatment if directed to do so by his probation officer, and that he sign any release of information necessary to allow the exchange of information between his probation officer, counselors, and therapists.

On appeal, defendant contends the condition requiring submission to psychiatric counseling is invalid, and the condition requiring the release of confidential mental health information is overbroad. He urges these claims are subject to appellate review despite his failure to object below.

We conclude defendant forfeited his claims by failing to object to imposition of either mandatory supervision condition. We further conclude defense counsel was not ineffective for not objecting to these conditions. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2009, defendant sold 0.4 grams of methamphetamine within 1,000 feet of Maywood Middle School, which was in session at the time.

On December 10, 2009, defendant was charged with three counts of sale of a controlled substance. The information alleged that, as to two of the three counts, the sale of the controlled substance took place within 1,000 feet of Maywood Middle School.

On April 5, 2010, defendant pled guilty to one count of sale of a controlled substance and admitted the allegation that he did so within 1,000 feet of Maywood Middle School in exchange for no state prison at the outset.

On June 7, 2010, the trial court suspended imposition of sentence and placed defendant on three years of formal probation subject to "the usual terms and conditions as followed by this court" and "the other additional terms and conditions as set forth in the Probation Officer's report," including 180 days in county jail with credit for 127 days of time served. The "other additional terms and conditions" in the probation report included conditions that "defendant shall participate in and complete a psychological or psychiatric counselling/treatment [*sic*] program, including a residential treatment

2

program, if directed to do so by the probation officer, at his own expense," and that "defendant shall sign any necessary release of information documents to allow free exchange of any and all information amongst the probation officer, any counsellors, [*sic*] and therapists" (hereafter, the challenged conditions). The order granting probation, filed June 9, 2010, reiterated verbatim the challenged conditions. Defendant signed the probation order acknowledging its contents and agreeing to comply with the stated terms.

On June 23, 2010, the district attorney filed a petition for revocation of probation alleging defendant tested positive for methamphetamine. Defendant admitted the alleged violation at the July 6, 2010, hearing. The trial court revoked and reinstated probation pursuant to the original terms and conditions, modified to include fines and 90 days in county jail without credit for time served. The July 14, 2010, order reinstating probation reiterated verbatim the original terms and conditions of probation, including the challenged conditions. Defendant acknowledged receipt of the order and agreed to strictly comply with all of the terms and conditions thereof.

On February 8, 2013, the district attorney filed a second petition for revocation of probation alleging defendant tested positive for marijuana. At the April 2, 2013, hearing on the petition, defendant admitted the alleged violation. The court revoked and reinstated probation (extended for an additional year) pursuant to the original terms and conditions previously imposed, modified to include fines, an additional 60 days in county jail without credit for time served, and 40 hours of community service. The July 3, 2013, order reinstating probation reiterated verbatim the original terms and conditions of probation, including the challenged conditions.

On July 2, 2013, the district attorney filed a third petition for revocation of probation alleging defendant drove a vehicle on a suspended license and possessed methamphetamine. At the January 22, 2014, hearing on the petition, defendant admitted the alleged violations.

3

On February 24, 2014, the trial court terminated probation and sentenced defendant to an aggregate term of six years, with three years to be served in county jail and the remaining three years to be served under mandatory supervision pursuant to Penal Code section 1170, subdivision (h)(5)(B). The court adopted "the remaining terms and conditions as listed [in the probation report filed February 19, 2014] at [pages] 12 through 15," including the challenged conditions. Defense counsel waived formal reading of the terms and conditions, which the court "adopted in their entirety as if read into the record and incorporated into the judgment and sentence."

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court abused its discretion by imposing the mandatory supervision condition requiring him to submit to psychiatric counseling because, pursuant to *People v. Lent* (1975) 15 Cal.3d 481, the condition has no relationship to the crime for which he was convicted and requires conduct not reasonably related to future criminality. He further contends the related mandatory supervision condition requiring the release of confidential mental health information should be limited to require only information "minimally necessary" to assure he is not in violation of his mandatory supervision requirements. Acknowledging his failure to object below, defendant asserts the forfeiture rule does not apply here. Alternatively, he asserts that, should we find the forfeiture rule does apply, we must conclude his trial counsel was ineffective for failing to object in the absence of any tactical or other reason to do so.

I

*Forfeiture Of Mandatory Supervision Condition Issue*

In *Lent*, the California Supreme Court held that "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v.*

4

*Lent*, *supra*, 15 Cal.3d at p. 486.)  All three criteria must be satisfied to invalidate a mandatory supervision condition.  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 763-764.)

The failure to object to a probation condition on *Lent* grounds in the trial court forfeits the claim on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228, 237; see *In re Sheena K.* (2007) 40 Cal.4th 875, 881-882.)  This forfeiture rule applies even to constitutional challenges of probation conditions if the constitutional question cannot be resolved without reference to the particular sentencing record developed in the trial court.  (*Sheena K.*, at p. 889.)  While we have said that mandatory supervision is more like parole than probation (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422), it is similar to probation in the sense that the terms and conditions of the defendant's release are ordered by the court.  Thus, the rule of forfeiture that applies to probation conditions and the underlying rationale for the rule, applies to a trial court's order of conditions of mandatory supervision.

Defendant claims the forfeiture rule does not apply where, as here, "the alleged error involves a pure question of law, which can be resolved on appeal without reference to a record developed below."  (*People v. Williams* (1999) 77 Cal.App.4th 436, 460.)

As the People correctly argue, defendant's reliance on the fact-based factors in *Lent* negates his claim that the issue is purely a question of law and thus not subject to the forfeiture rule.  In applying the *Lent* factors, and particularly in asserting the mandatory supervision condition requiring psychiatric treatment has no relationship to the facts and is not reasonably related to future criminality, defendant references the specific facts of his current crime of "selling a tiny amount of methamphetamine to an informant in front of the trailer park where he lived," and makes general reference to his previous criminal

record which includes use of marijuana and methamphetamine and repeated arrests for driving under the influence. In light of those facts and circumstances, he claims, the "only conceivable basis" for imposition of the challenged condition is that it is "part of [a] generic one-size-fits-all set of conditions that might be applied to every felony probationer and supervisee." As these claims demonstrate, defendant's challenge is to the reasonableness of the mandatory supervision conditions and whether the facts of his current offense and his prior criminal conduct support imposition of those conditions.

Defendant responds that because his claims rest on *uncontested* facts, the claims can be decided as a matter of pure law, citing *People v. Masotti* (2008) 163 Cal.App.4th 504. He neglects to mention however that, unlike this case, the issue in *Masotti* was "a *jurisdictional* question of pure law" -- whether the trial court could grant a new trial based on grounds not raised in the new trial motion. (*Masotti*, at p. 508, italics added.) *Masotti* is not helpful to defendant.

In any event, given defendant's reliance on the *Lent* factors, the determination whether the mandatory supervision condition requiring psychiatric treatment has any relationship to defendant's offense and background or is reasonably related to defendant's future criminality, and whether the related condition requiring release of information is overbroad, requires an analysis of the facts via " ' "reference to the particular sentencing record developed in the trial court." ' " (*In re Sheena K., supra*, 40 Cal.4th at p. 889.) As such, defendant's failure to object in the trial court on those grounds forfeits the claim on appeal. (*Ibid.*)

Next, defendant claims the forfeiture rule is inapplicable because the challenged conditions "were *not* set forth on the record" and there is no indication either he or his counsel "had been given prior notice of what those conditions were." As such, he argues,

6

he had no meaningful opportunity to object. (*People v. Scott* (1994) 9 Cal.4th 331, 356.) This argument is specious and we reject it as such. The record is clear that, at the time of the initial grant of probation in June 2010, defendant knew of and agreed to the challenged conditions, which were included in the probation report and the subsequent order granting probation. Defendant acknowledged and agreed to those same conditions again when probation was revoked and reinstated in July 2010. The challenged conditions were reiterated verbatim in the July 2013 order reinstating probation. Finally, at the February 24, 2014, sentencing hearing, the trial court adopted "the remaining terms and conditions as listed [in the probation report filed February 19, 2014] at [pages] 12 through 15," including the challenged conditions. Defense counsel, having given no indication of not having received or reviewed the probation report, waived formal reading of the terms and conditions. Without objection, the court adopted those terms and conditions "in their entirety as if read into the record and incorporated into the judgment and sentence." From this record, there can be little doubt defendant had a meaningful opportunity to object to any or all of the terms and conditions imposed at the sentencing hearing.

## II

### *Ineffective Assistance Of Counsel*

To establish ineffective assistance, defendant bears the burden of establishing both that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and, absent counsel's error, it is reasonably probable that the verdict would have been more favorable to him. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 [80 L.Ed.2d 674, 694, 698]; *People v. Kipp* (1998) 18 Cal.4th 349, 366.) If a defendant fails to establish either component, the ineffective assistance claim fails and we need not address the other component. (*Strickland*, at p. 697 [80 L.Ed.2d at p. 699]; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)

7

In reviewing a claim of ineffective assistance, we accord great deference to trial counsel's reasonable tactical decisions (*People v. Weaver* (2001) 26 Cal.4th 876, 925; *People v. Freeman* (1994) 8 Cal.4th 450, 484) and reverse " 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' " (*People v. Frye* (1998) 18 Cal.4th 894, 980.)  "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540.)

Here, contrary to defendant's assertion, the record does not affirmatively disclose counsel had no rational tactical purpose for not objecting to the challenged mandatory supervision conditions.  Defendant was exposed to a maximum penalty of nine years.  His prior record included numerous incidents of driving under the influence.  Despite having been afforded numerous opportunities to better himself, he repeatedly violated probation by, among other things, possessing and using controlled substances.  Both the probation officer and the trial court expressed concern over defendant's inability to comply with the previous grant of probation or resist the urge to commit new offenses.  The trial court imposed a six-year term (the middle term for the felony drug conviction, plus three years for the enhancement), and ordered that defendant serve half of that six-year term in custody and the remaining half on mandatory supervision subject to the same terms and conditions previously imposed.  One obvious tactical reason for not objecting to the challenged conditions is that defendant and his counsel could well have determined there was little to be gained, and much to be lost, given his exposure to a greater penalty and significantly more time in custody.

Because we find defendant has not met his burden with respect to the first prong of the test, we need not address the second.  (*Strickland v. Washington*, *supra*, 466 U.S. at p. 697 [80 L.Ed. 2d at p. 699].)  We reject defendant's claim of ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.


                                        _____ROBIE_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____MURRAY_____, J.