Filed 1/12/23  P. v. Barragan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JUAN BARRAGAN,<br><br>  Defendant and Appellant. | B318424<br><br>Los Angeles County<br>Super. Ct. No.<br>TA152980 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed in part, vacated in part, and remanded for resentencing.

Law Offices of Andy Miri and Andy Miri for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

————————————————

Juan Barragan appeals his conviction for carjacking and challenges his 23-year prison sentence. He claims his trial counsel provided ineffective assistance, the trial court erroneously denied his new trial motion, insufficient evidence supports the verdict, and his sentence violates our recently amended determinate sentencing law. Only the last claim has some merit, so we vacate Barragan's sentence and remand the matter for resentencing. In all other respects, we affirm the judgment. Statutory references are to the Penal Code.

I

The prosecution's case featured video footage of the crime taken from security cameras at the scene—a Valero gas station on South Figueroa Street. Barragan's nephew and co-defendant Brandon Barragan Howell admitted the video depicted him and his uncle. Several police witnesses testified, including those who responded to the incident and investigated it. Fingerprint experts tied Barragan to the victim's car. The prosecution's case was this: Barragan and Howell attacked a gas station customer and left him dazed and bloodied on the ground while Barragan drove off in the victim's car. We dive deeper into the facts later when reviewing the sufficiency of the evidence.

Before the defense case began and out of the jury's presence, Barragan's counsel told the court her client wanted to testify. The public defender, the prosecutor, and the court discussed how the prosecution could use Barragan's prior convictions. Then Barragan and his counsel conferred off the record.

Barragan took the stand and admitted he had two convictions from 2001. He answered questions about his

circumstances leading up to the incident and about the incident itself. Then he said he did not "want to talk anymore" and asserted his Fifth Amendment right against self-incrimination. Out of the jury's presence, Barragan confirmed he was done testifying. When the jurors came back, the court instructed them to disregard Barragan's testimony "as if it had never occurred."

Other defense witnesses followed Barragan, including his nephew Howell, Howell's cousin, and Barragan's cousin.

Each defendant faced one count of carjacking (section 215, subd. (a)). The jury convicted Barragan but found Howell not guilty.

Before sentencing, Barragan hired private counsel and filed a motion for new trial along with his sentencing memorandum. The motion cited a single statutory ground—section 1181, subdivision (7)—which applies where a verdict is "contrary to law or evidence." But the thrust of the motion was that evidence undermining the required specific intent for carjacking was wrongfully excluded from trial, or at least not offered.

The motion argued the jury never heard that Barragan was an "extremely troubled" person suffering from bipolar disorder and from posttraumatic stress disorder stemming from the shooting death of his brother; that the carjacking occurred shortly after Barragan had had major surgery and on a day when he had mixed prescribed pain medication with alcohol; that he was highly disoriented, confused, agitated, and impulsive as a result of the mixture and had no memory of the incident; and that a forensic and clinical psychologist who interviewed Barragan before trial opined Barragan had Bipolar I Disorder and Alcohol Use Disorder, both of which played a significant role in the incident. The motion says the psychologist's report is attached as

3

an exhibit, but the report is not in the clerk's transcript. It is unclear whether the trial court ever saw the report. It is also unclear what else the report contains.

Barragan's new trial motion did not raise ineffective assistance of counsel. Nor did Barragan's private counsel raise this issue at the hearing on the motion.

The trial court denied the motion at this February 2022 hearing. At the same hearing, it held a bench trial of Barragan's prior convictions. The court found beyond a reasonable doubt Barragan previously had been convicted of aggravated assault (§ 245, subd. (a)(2)).

The hearing concluded with sentencing. The trial court sentenced Barragan to 23 years in prison. This was the upper term of nine years, doubled to 18 years under section 1170.12, subdivision (c)(1), plus five years under section 667, subdivision (a)(1). The court exercised its discretion not to strike the prior conviction.

Barragan appealed.

## II

Barragan's appeal raises four issues. His fourth and final claim regarding sentencing has merit, but the others do not. We discuss each issue.

## A

Barragan first argues his trial counsel provided ineffective assistance in two ways: (1) by failing to introduce the evidence supposedly negating specific intent mentioned in his new trial motion, and (2) by allowing Barragan to testify without proper preparation.

To establish ineffectiveness, a defendant must show counsel's efforts fell below an objective standard of

reasonableness and the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688.) In reviewing ineffective assistance claims, we defer to counsel's reasonable tactical decisions and presume counsel acted within the wide range of reasonable professional assistance. (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)

Claims of ineffective assistance usually are more appropriately raised in habeas corpus proceedings. (*Mai, supra*, 57 Cal.4th at p. 1009.) On direct appeal, we reverse a conviction only if (1) the record shows counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) no satisfactory explanation could exist. (*Ibid.*)

Perhaps to avoid this steep burden, Barragan urges us to make a limited remand of this issue under California Rules of Court, rule 8.397. This rule applies only in death penalty cases. (Cal. Rules of Court, rule 8.390(a) ["The rules in this article apply only to appeals under Penal Code section 1509.1 from superior court decisions in death penalty-related habeas corpus proceedings."].)

Turning to Barragan's first contention, the trial featured considerable evidence and argument Barragan was intoxicated the day of the incident, including testimony from Barragan's cousin explaining she and Barragan "got very drunk" that night and he was "the drunkest [she'd] ever seen him," and testimony from Howell recounting how he found Barragan before the incident "passed out sleeping on a bench" and had to revive him because Barragan was "obviously drunk, very drunk." Howell further testified that at the time of the incident Barragan was incoherent, "stumbling everywhere," "so out of it," and "like, a

5

lost dog, . . . . His mind wasn't there." The testimony about Barragan's intoxicated state led to a jury instruction to consider whether Barragan had the required specific intent.

Barragan asserts his trial counsel should have done more and should have introduced the evidence of his mental health problems outlined in the psychologist's report. But the report is not in the record, Barragan's reply brief concedes this absence, and he has yet to seek to augment the record. With the report absent, we leave the ineffective assistance issue to the customary forum of a habeas corpus proceeding. (See *Mai*, *supra*, 57 Cal.4th at p. 1009.)

As for Barragan's second contention of inadequate preparation, nothing in the record shows how defense counsel prepared for trial. We therefore cannot say the preparation undertaken was inadequate.

Barragan also faults his trial counsel for having insufficient control over him at trial—apparently for allowing him to testify and then to stop. But counsel could not prevent him from testifying. (*People v. Allen* (2008) 44 Cal.4th 843, 860 ["The defendant in a criminal proceeding has a right to testify over the objection of his or her counsel."].) And nothing shows it was counsel's fault Barragan changed his mind midstream.

Barragan has failed to establish deficient performance by his trial counsel. We thus do not reach the issue of prejudice.

B

Barragan next argues the trial court improperly denied his new trial motion. But he presented no valid grounds for granting relief, and the trial court acted within its discretion in denying the motion. (See *People v. Lightsey* (2012) 54 Cal.4th 668, 729

6

[deferential abuse-of-discretion standard applies to rulings on new trial motions].)

The motion mentioned one statutory ground for relief—section 1181, subdivision (7)—but it did not establish the verdict was contrary to law or the evidence at trial. (See *People v. Moreda* (2004) 118 Cal.App.4th 507, 513–515 [paragraphs 6 and 7 of section 1181 confine the trial court's review to the trial record]; see also *People v. Bailey* (2012) 54 Cal.4th 740, 752.)

Regarding the evidence, in the next section we detail how the evidence amply supports the carjacking conviction. Further, the mental health evidence Barragan mentions in his motion (but does not attach) never was offered at trial.

Regarding the law, Barragan takes issue with the trial court's comments about specific intent at the hearing on his motion. In response to defense counsel's argument about Barragan's state of mind, the court explained:

> And I know you had stated mental state several times, but, just to be clear, because it's a word of art in regards to the law, it's not a mental state crime. It's a specific intent crime. Mental state crime is something like murder, et cetera. This is a specific intent crime and that's why the state of the case which the evidence was given, the voluntary intoxication instruction was given because there's substantial evidence warranting the giving of that. That came by way of co-defendant's testimony. And there were opportunities to present that in other ways as well. . . .

This commentary does not warrant a new trial. The trial court accurately recognized carjacking requires a specific intent. It had

instructed the jury on that intent according to pattern jury instructions Barragan does not challenge. Barragan's new counsel conceded "[t]he jury was correctly given an instruction regarding voluntary intoxication and its effect on intent."

The prosecution raises newly discovered evidence under section 1181, subdivision (8), and ineffective assistance of counsel in its discussion of Barragan's new trial motion. But Barragan asserted neither as grounds for his motion. The trial court did not err in refusing a new trial. (See *People v. Masotti* (2008) 163 Cal.App.4th 504, 508 ["A motion for new trial may be granted only upon a ground raised in the motion."].)

C

Barragan next contends insufficient evidence supports his carjacking conviction. In particular, he urges: (1) because the victim did not testify, there was no evidence the victim was fearful and did not consent to the taking; and (2) there was no evidence Barragan had the specific intent to steal the victim's car.

Barragan's insufficiency challenge comes with a heavy burden, one he cannot meet.

In reviewing claims of insufficiency of evidence, we examine the record in the light most favorable to the prosecution. We discern whether there is substantial evidence from which any rational trier of fact could find the elements of the crime beyond a reasonable doubt. And we presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 (*Zamudio*).)

The crime of carjacking requires proof (1) the defendant took someone else's vehicle, (2) from the immediate presence of

8

that person or a passenger, (3) against the person's will, (4) using force or fear, (5) with the intent of temporarily or permanently depriving the person of possession of the vehicle. (§ 215, subd. (a); *People v. Magallanes* (2009) 173 Cal.App.4th 529, 534.)

Substantial evidence supports each element. We disregard and do not discuss evidence favoring Barragan. (See *Zamudio*, *supra*, 43 Cal.4th at p. 357 [an appellate court's job is to look for substantial evidence supporting the verdict, not to resolve credibility issues or evidentiary conflicts].)

The jury saw the gas station surveillance videos, which showed the victim exiting a car and later Barragan exiting his nephew's car. They showed Barragan approach the victim's car, open the door, and look inside. Barragan is seen fighting with the victim; then his nephew joins in. They continue the attack while the victim is on the ground trying to shield his head. The victim gets up. Barragan and his nephew pursue him and fight him to the ground again. Barragan beats and kicks the victim until the latter stops moving. Then Barragan gets in the victim's car and drives away. The victim eventually sits up.

The jury also heard testimony from the investigating detective who studied the video footage and interviewed Barragan. Barragan had confessed to this detective that he was the one in still shots from the video. The responding officer testified about the victim Barragan left behind, describing him as dazed, disoriented, and bloodied. The jury saw pictures of the victim's injured face and hand.

The victim's failure to testify is inconsequential, as circumstantial evidence suffices. (See *Zamudio*, *supra*, 43 Cal.4th at p. 357.) Moreover, carjacking requires the use of *force*

9

*or fear*, and the evidence showed Barragan used force. The fighting here—which lasted around one minute—was enough.

Similarly, the evidence establishes a taking without consent and with intent to deprive: Barragan fought the victim until the latter could not fight back and then drove his car away while the victim lay bleeding. He never returned the car. Instead, police found it in Hawthorne, the city where Barragan lived.

Barragan's insufficiency challenge fails.

### D

Finally, Barragan argues his sentence is unlawful and the case must be remanded for resentencing because the jury did not find any aggravating circumstance beyond a reasonable doubt as required by Senate Bill No. 567 (2021-2022 Reg. Sess.) (SB 567). The prosecution concedes the new law applies but argues remand is unnecessary because the trial court found a prior conviction true beyond a reasonable doubt and the failure to find other aggravating circumstances using this burden of proof was harmless. We agree with Barragan that remand is warranted, but on different grounds.

We sketch the new law.

The new law applies to sentencing after January 1, 2022. It amends section 1170 to make the middle term the presumptive sentence and to require the lower term in some situations. (Stats. 2021, ch. 731, § 1.3; § 1170, subd. (b)(1) & (6); see also *People v. Dunn* (2022) 81 Cal.App.5th 394, 402, review granted Oct. 12, 2022, S275655 (*Dunn*) [outlining changes made by SB 567]; *People v. Salazar* (2022) 80 Cal.App.5th 453, 462, review granted Oct. 12, 2022, S275788 [same].) It permits trial courts to impose an upper term sentence only where the facts underlying

10

relevant aggravating circumstances are stipulated to by the defendant or found true beyond a reasonable doubt by the trier of fact.  (§ 1170, subd. (b)(2).)  Courts may consider a defendant's prior convictions in determining sentencing, however, based on a "certified record of conviction."  (§ 1170, subd. (b)(3).)

Regarding the circumstances requiring the lower term, we excerpt the new and key statutory language:

[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

(§ 1170, subd. (b)(6).)

The trial court did not acknowledge this provision.

At Barragan's sentencing, the court explained it was selecting the high term of nine years in state prison after reviewing the case facts and the video, which was "nothing short of absolutely disturbing."  The court acknowledged the new sentencing law and stated it believed the law did not apply.  But then it said:  "even with the new law pursuant to Penal Code section 1170 subdivision (b) subdivision (3), again, I am choosing the high term in this matter based upon the certified record of prior conviction and -- for the violation of Penal Code section 245

11

subdivision (a) subdivision (2) [assault with a firearm], again, in case BA193112."

The court added that it also considered, "separate and apart from the prior conviction," that the crime involved great violence and that there was an actual taking of great monetary value under California Rules of Court, rule 4.421(a)(1) and (9). (In contrast, the court did not explicitly ground its prior conviction finding in any court rule.)

The trial court's belief that the new law did not apply was incorrect. The court sentenced Barragan in February 2022, which was a month after the law took effect.

Although the court briefly assumed the new law's application when discussing aggravating circumstances, the court acknowledged neither new subdivision (b)(6) nor the circumstances where the low term is required. Nor did Barragan's new counsel alert the court to this provision. (See *People v. Panozo* (2021) 59 Cal.App.5th 825, 828, 839–840 [remanding for resentencing where the trial court was unaware of its statutory obligation to consider service-related mitigating factors; no forfeiture even though defense counsel failed to raise this obligation].)

Our record includes a motion asserting a psychologist evaluated Barragan and concluded he "is suffering from Post-Traumatic Stress Disorder" and various mental illnesses "played a significant role in the occurrence of the instant offense." It is unclear whether the trial court saw this psychologist's report or what else the psychologist concluded.

There is no sign the court recognized the potential applicability of section 1170, subdivision (b)(6).

Given these uncertainties, we remand this matter for a new sentencing hearing under amended section 1170, subdivision (b), at which the trial court may receive new evidence related to the new law.

In light of this disposition, we need not reach the issue of harmless error, an issue that has divided appellate courts over the past year.  (See *Dunn*, *supra*, 81 Cal.App.5th at pp. 398, 401, 408–410, review granted Oct. 12, 2022, S275655 [explaining there are now three different standards for harmless error review in the SB 567 context].)

## DISPOSITION

We vacate Barragan's sentence and remand this matter for resentencing under section 1170, subdivision (b), as amended by SB 567.  We affirm the judgment in all other respects.


WILEY, J.


We concur:



STRATTON, P. J.



GRIMES, J.